Citation Nr: 1546224 
Decision Date: 10/30/15 Archive Date: 11/10/15

DOCKET NO. 11-26 273 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Philadelphia, Pennsylvania


THE ISSUE

Entitlement to an effective date prior to November 9, 2009 for the grant of a total disability rating based on individual unemployability (TDIU) due to service-connected disabilities. 


REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

J. Ivey-Crickenberger, Associate Counsel





INTRODUCTION

The Veteran served on active duty from June 1965 to June 1967, from August 1968 to May 1970, and from November 1973 to November 1976, including service in the Republic of Vietnam. 

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a January 2010 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Philadelphia, Pennsylvania, which denied entitlement to a TDIU.

The Veteran subsequently appealed to the Board, and the Board remanded the claim for further development, in particular requesting the RO provide the Veteran with a new VA examination. This development was completed and the RO granted TDIU effective November 9, 2009, the date of the Veteran's claim for TDIU. 

The case returned to the Board on the issue of whether the TDIU should have been granted with an earlier effective date. The case was once again remanded in December 2014 for additional development, including inviting the Veteran to submit release forms to obtain private medical records and employment records. 


FINDING OF FACT

The Veteran was unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities more than one year before filing for TDIU.


CONCLUSION OF LAW

The criteria for an effective date prior to November 9, 2009 for the award of TDIU have not been met. 38 U.S.C.A. § 5110 (West 2014); 38 C.F.R. §§ 3.400, 4.16 (2015).

REASONS AND BASES FOR FINDING AND CONCLUSION

VA has a duty to provide notification to the Veteran with respect to establishing entitlement to benefits, and a duty to assist with development of evidence under 38 U.S.C.A. §§ 5103, 5103A; 38 C.F.R. § 3.159(b). The Veteran does not report that there is any outstanding evidence that should be associated with the claims folder. There was substantial compliance with the December 2014 remand directives. Stegall v. West, 11 Vet. App. 268 (1998). Because the application of the law to the undisputed facts is dispositive of this appeal, no further discussion of VA's duties to notify and assist is necessary. Mason v. Principi, 16 Vet. App. 129 (2002).

The Veteran contended in her November 2009 claim for TDIU that she became unemployable in June 2007, more than two years prior to her claim.

The provisions governing the assignment of the effective date of an increased rating are set forth in 38 U.S.C.A. § 5110(a), (b)(2) and 38 C.F.R. § 3.400(o). A claim for a TDIU is a claim for an increased rating. Dalton v. Nicholson, 21 Vet. App. 23, 31-32 (2007); see also Hurd v. West, 13 Vet. App. 449, 451-52 (2000); Norris v. West, 12 Vet. App. 413, 420 (1999). The United States Court of Appeals for the Federal Circuit has explained that the provisions of 38 U.S.C.A. § 5110 governing the effective date to be assigned for an increased rating require "that a veteran's claim for increased disability compensation must be filed within one year of an increase in the disability, as shown by the evidence, in order to obtain an effective date earlier than the date of the claim." Gaston v. Shinseki, 605 F.3d 979, 984 (Fed. Cir. 2010) (explaining the legislative intent to provide veterans with a one-year grace period for filing their claims). Thus, where, as here, TDIU entitlement arose more than one year prior to the Veteran's TDIU claim, the effective date shall be the date that the claim was received, and no earlier. See 38 U.S.C.A. § 5110(b)(2); Gaston, 605 F.3d at 984. 

The Veteran also does not argue that she filed her claim for TDIU prior to November 9, 2009, and there is no evidence of record to support such a claim. Further, there is no informal claim based on medical evidence prior to November 9, 2009, that was not adjudicated. Therefore, an effective date earlier than November 9, 2009 for a grant of TDIU is denied. 38 C.F.R. § 3.400(o).


ORDER

An effective date prior to November 9, 2009 for the award of TDIU is denied.



____________________________________________
STEVEN D. REISS
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs