# United States Court of Appeals for the Federal Circuit

2007-7109

KENNETH E. STELZEL,

Claimant-Appellant,

v.

GORDON H. MANSFIELD, Acting Secretary of Veterans Affairs,

Respondent-Appellee.

Ronald L. Smith, Disabled American Veterans, of Washington, DC, argued for claimant-appellant. Of counsel on the brief was Zachary M. Stolz.

Dawn S. Conrad, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With her on the brief were Peter D. Keisler, Acting Attorney General, Jeanne E. Davidson, Director, and Deborah A. Bynum, Assistant Director. Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Martie Adelman, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge John J. Farley, III (Retired)

# United States Court of Appeals for the Federal Circuit

2007-7109

KENNETH E. STELZEL,

Claimant-Appellant,

v.

GORDON H. MANSFIELD, Acting Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:  November 15, 2007

_____

Before MICHEL, Chief Judge, NEWMAN and MOORE, Circuit Judges.

MICHEL, Chief Judge.

Kenneth E. Stelzel appeals from the final decision of the United States Court of Appeals for Veterans Claims ("CAVC") holding that the Veterans Administration ("VA") committed no clear and unmistakable error ("CUE") in its 1965 decision regarding Stelzel's disability rating.  See Stelzel v. Nicholson, No. 2005-2871 (Vet. App. Oct. 11, 2006).  Because we hold that 38 U.S.C. § 3012(b)(6) (1962) did not require the VA to give Stelzel sixty days notice prior to the effective date of its 1965 ratings decision since it did not reduce his compensation, we affirm.

## I.   BACKGROUND

Stelzel served on active duty during the Korean War.  He sustained a major injury during the war, which resulted in several different disabling conditions.  As a

result, the VA granted service connection and an overall rating of sixty percent disablement in 1952. This rating was revised several times in the next decade as his symptoms and diagnoses changed. In 1960, his overall rating was increased to seventy percent. In 1963, one of Stelzel's individual conditions was increased in rating, but his overall rating remained at seventy percent.

Finally, by letter dated October 4, 1965, the VA informed Stelzel that it had granted service connection for a new disabling condition, ulcers, but simultaneously reduced the individual rating of one of his prior conditions. While the ulcers alone, rated at ten percent disablement, would have increased his overall disability rating to eighty percent, the reduction in rating of his chronic brain syndrome from fifty to thirty percent resulted in his overall rating again remaining at seventy percent.[1] The VA made this ratings decision retroactively effective in its entirety as of September 2, 1965, the date of the physical examination on which the ratings changes were based. Since his overall rating remained the same, Stelzel's compensation was unchanged.

Stelzel filed the claim at issue in this appeal in 2004, alleging that the VA had committed CUE in its 1965 ratings decision. While conceding that the merits of the VA's ratings decision were correct, Stelzel argued that the applicable statute and regulations required sixty days notice before the decrease in rating for his brain condition could be made effective, i.e., not until December 1965. The regional office, the Board of Veterans Appeals, and the CAVC all held that no CUE was committed. Stelzel then timely filed this appeal. We have jurisdiction under 38 U.S.C. § 7292(c).

---

[1] The determination of overall disability rating is not a matter of simply adding the individual ratings for each component disability. The overall rating is determined according to the Combined Ratings Table codified at 38 C.F.R. § 4.25.

## II.    DISCUSSION

Our review of appeals from the CAVC is limited; we may only review questions of law and may not review factual determinations or applications of law to fact.  38 U.S.C. § 7292(d).  Here, the facts are undisputed, and the sole issue on appeal is whether, as correctly interpreted, the relevant statute and regulations require the VA to give sixty days notice before a decrease in the rating of any individual disability becomes effective, even if the veteran's overall disability rating and hence compensation is not reduced.  We have jurisdiction to determine, de novo, the correct interpretation of the statute and its implementing regulations.  Prenzler v. Derwinski, 928 F.2d 392, 393 (Fed. Cir. 1991).

The statute at issue is 38 U.S.C. § 3012(b)(6) (1962).[2]  In 1965, this subsection provided, in relevant part:

> (b) The effective date of a reduction or discontinuance of compensation, dependency and indemnity compensation, or pension—
>
> *                    *                    *
>
> (6) by reason of change in law or administrative issue, change in interpretation of a law or administrative issue, or, for compensation purposes, a change in service-connected or employability status or change in physical condition shall be the last day of the month following sixty days from the date of notice to the payee (at his last address of record) of the reduction or discontinuance . . . .

38 U.S.C. § 3012(b)(6) (1962).  Thus the language of the statute plainly imposed a sixty-day notice requirement only to a "reduction or discontinuance of compensation." The code elsewhere defined "compensation" as "a monthly payment made by the

---

[2]    The agency action at issue occurred in 1965 so we interpret the version of the statute applicable at that time.  We note that this provision is currently codified at 38 U.S.C. § 5112(b)(6).  While the statute has been amended, the changes made to this subsection were minor and did not alter its substance.  Thus our decision here would not change even under the current version of this subsection.

Administrator to a veteran because of service-connected disability." 38 U.S.C. § 101(13) (1965) (emphasis added). Therefore, the applicable statute clearly and unambiguously imposed a sixty-day notice requirement only in the event of a reduction or discontinuance of a monthly payment.

Here, it is undisputed that the VA's 1965 ratings decision, while reducing a single disability's rating, correctly resulted in no change in overall rating and thus no change in monthly payment. Because there was no reduction or discontinuance of compensation, the statute did not impose a sixty-day delay in effective date, and thus the CAVC correctly held that the VA did not commit CUE—or indeed any error—in making the 1965 ratings decision effective as of September 2, 1965, in its entirety.

Since the statute was unambiguous, we do not defer under Chevron U.S.A., Inc. v. Natural Res. Def. Council, 467 U.S. 837 (1984), to the VA's interpretation of the statute embodied in its implementing regulations. And we must set aside any regulation contradicting any such statute. See id. at 842-43. But we conclude that the relevant regulations were consistent with the statute.[3] Stelzel, however, points to 38 C.F.R. § 3.500 (1965) as allegedly supporting his claim. In 1965, this regulation provided, in relevant part:

> The effective date of a rating which results in the reduction or discontinuance of an award will be in accordance with the facts found except as otherwise provided in § 3.105. The effective date of reduction or discontinuance of an award of pension, compensation, or dependency and indemnity compensation for a payee or a dependent will be the earliest of the dates stated in these paragraphs unless otherwise provided.
> . . .
>      *                 *                 *

---

[3] As with the statute, we interpret the regulations as they existed in 1965. We note that the current version of the applicable regulation is also not materially different, in the aspects discussed here, from its 1965 counterpart.

(r) Service connection (38 U.S.C. § 3012(b)(6); Public Law 87-825; § 3.105). Last day of month following 60 days after notice to payee. Applies to change from wartime to peacetime, reduced evaluation, and severance of service connection.

38 C.F.R. § 3.500 (1965). By its own clear and unambiguous language, this regulation, consistent with the statute, only imposed a sixty-day delay to a "reduction or discontinuance of an award of . . . compensation." In situations such as in this case where adjustments in individual disability ratings were correctly determined by the agency and did not result in any reduction in overall compensation, the sixty-day notice requirement of subsection (r) did not apply and thus the regulation was consistent with the statute.[4]

In fact, this regulation separately addressed the effective dates of changes in ratings, providing that the effective date of such changes which "result[] in the reduction or discontinuance of an award will be [set] in accordance with the facts found." Id. (emphasis added). This part of the regulation also only applied to reductions in the monetary award to the veteran; thus ratings changes that do not affect the award are not addressed even in this part of the regulation. Further, even if it were applicable, the VA would still have complied with this part of the regulation by determining that the ratings changes in its 1965 decision should be effective as of the date of the relevant physical examination, namely "in accordance with the facts found."[5] Id.

---

[4] This is not to say that the agency could not have promulgated a regulation, for example, requiring sixty days notice whenever any change is made in a veteran's disability rating because an agency can impose requirements on itself in excess of those imposed by statute so long as they are not contrary to law. But this is not the case here.

[5] The regulation in full provided that the effective date would be set "in accordance with the facts found except as otherwise provided in § 3.105." 38 U.S.C. § 3.500 (1965). In 1965, 38 C.F.R. § 3.105(e) provided that the effective date of a

2007-7109                                        5

Stelzel's principal argument, that the language, "[a]pplies to change from wartime to peacetime, reduced evaluation, and severance of service connection," in subsection (r) is read out of the regulation by this interpretation, is meritless.  First, the regulation clearly subordinated all of the subsections, including subsection (r), to the preceding limitation that the provisions of those subsections apply only to a "reduction or discontinuance of an award of . . . compensation."  See id.  Second, the cited language is not at all inconsistent with our interpretation because it simply specified that the sixty-day requirement of subsection (r) was applicable to reductions of awards resulting from the three specified scenarios as opposed to the scenarios addressed in the other subsections, none of which are relevant here.[6]

In sum, we hold that under 38 U.S.C. § 3012(b)(6) (1962), the VA was not obligated to provide a veteran with sixty days notice before making a disability ratings decision effective if the decision did not reduce the overall compensation paid to the veteran.  Thus the CAVC did not err in holding that the VA committed no CUE in its determination of the effective date of the 1965 ratings decision regarding Stelzel.

CONCLUSION

For the foregoing reasons, the decision of the CAVC is

AFFIRMED.

---

"reduction in evaluation" would be the last day of the month sixty days after notice was given to the payee, but only if the reduction "would result in a reduction or discontinuance of compensation payments currently being made."  Thus § 3.105 also did not apply here.

[6]   For example, subsection (s) concerned discontinuances of awards due to treasonable acts or subversive activities.  38 U.S.C. § 3.500(s) (1965).