Citation Nr: 1212953 
Decision Date: 04/10/12 Archive Date: 04/19/12

DOCKET NO. 09-01 478 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUE

1. Entitlement to a rating in excess in excess of 40 percent for degenerative disc disease and degenerative joint disease of the lumbar spine for the portion of the appeal period extending from April 16 to May 18, 2008.

2. Entitlement to a rating in excess in excess of 20 percent for degenerative disc disease and degenerative joint disease of the lumbar spine for the portion of the appeal period extending from May 19, 2008, forward.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Appellant

ATTORNEY FOR THE BOARD

Jeanne Schlegel, Counsel


INTRODUCTION

The Veteran served active duty in the United States Army from May 1984 to May 2005.

This case comes before the Board of Veterans' Appeals (Board) on appeal from an August 2008 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas, which, in pertinent part, reduced the evaluation in effect for the Veteran's low back disability from 40 to 20 percent, effective from May 19, 2008. 

The Board notes that specific due process requirements must be followed in most cases involving the reduction of a disability rating. Under 38 C.F.R. § 3.105(e), prior to implementing a rating reduction, the agency of original jurisdiction (AOJ) must issue a rating decision proposing the reduction and setting forth all material facts and reasons, notify the beneficiary of the contemplated action and furnish detailed reasons therefor, and allow 60 days for the presentation of additional evidence to show that compensation payments should be continued at the present level. However, these due process requirements apply only where the rating reduction would result in a reduction of the overall disability rating, such that compensation payments being made at the time would be reduced or discontinued. See Stelzel v. Mansfield, 508 F.3d 1345, 1347- 49 (Fed. Cir. 2007); O'Connell v. Nicholson, 21 Vet. App. 89 (2007); VAOPGCPREC 71-91 (Nov. 7, 1991).

In this case, the Veteran was not notified of the proposed reduction of his disability rating in accordance with 38 C.F.R. § 3.105(e); in fact the action reducing the rating for the back disorder was actually undertaken in conjunction with a decision on a claim for an increased rating. As the rating action that implemented the rating reduction did not change the Veteran's overall disability rating, which remained at 90 percent, the reduction in the rating for the Veteran's low back disability did not result in a reduction of compensation payments, and the procedural safeguards of 38 C.F.R. § 3.105(e) do not apply; moreover the rating for the back disorder had not been in effect for 5 years. Hence the issue of the propriety of the reduction need not be addressed in conjunction with the increased rating claim on appeal, nor is that aspect of the claim independently in appellate status. 

However, by virtue of the reduction taken during the appeal, the Veteran's low back disability has been assigned two different ratings during the course of the appeal period at issue, extending from April 16, 2008 when the increased rating claim was filed. Where the evidence contains factual findings that demonstrate distinct time periods in which the service-connected disability exhibited diverse symptoms meeting the criteria for different ratings during the course of the appeal, the assignment of staged ratings is appropriate. See Hart v. Mansfield, 21 Vet. App. 505 (2007). This distinction is reflected on the cover page for purposes of clarification; but for practical purposes, the Board will be reviewing the evidence in its entirety to ascertain whether an increase in disability has been shown at any time during the entire appeal period extending from April 16, 2008. 

The Veteran provided testimony at a travel Board hearing held before the undersigned Veterans Law Judge (VLJ) in December 2011. A copy of the transcript has been associated with the file.

An April 2012 review of the Virtual VA paperless claims processing system does not reveal any additional documents pertinent to the present appeal. 

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.


REMAND

The Veteran is seeking entitlement to an increased rating for his low back disability, characterized as degenerative disc disease and degenerative joint disease of the lumbar spine. Although the Board sincerely regrets the additional delay, a remand of this claim is necessary to ensure that there is a complete record upon which to decide the Veteran's claim so that he is afforded every possible consideration. VA has a duty to assist claimants in obtaining evidence needed to substantiate a claim. 38 U.S.C.A. §§ 5107(a) 5103A; 38 C.F.R. § 3.159(c).

A review of the file reflects that a VA examination of the low back was most recently conducted in May 2011, and is not terribly outdated. In hearing testimony presented in December 2011, however, the Veteran indicated that his back disability had gotten worse since last examined. Specifically, he explained that he was now experiencing neurological symptomatology such as chronic pain in the buttocks and hips, as well as tingling in the left leg and foot, which he believed was associated with his low back disorder. 

The duty to assist does not require that a claim be remanded solely because of the passage of time since an otherwise adequate VA examination was conducted. See VAOPGCPREC 11-95. That said, a new examination is appropriate when there is an assertion of an increase in severity since the last examination, as is essentially the case here. See 38 C.F.R. § 3.159 (2011); see also Palczewski v. Nicholson, 21 Vet. App. 174, 181 (2007); Snuffer v. Gober, 10 Vet. App. 400, 403 (1997); VAOPGCPREC 11-95 (1995). Therefore, a new and contemporaneous examination should be administered to determine the manifestations and level of severity associated with the Veteran's low back disability. The examination should specifically include an assessment of whether there is any neurological symptomatology associated with the low back condition. As mentioned in the December 2011 hearing testimony, the examination should include EMG and nerve conduction studies. 

The Board observes that recently, the United States Court of Appeals for Veterans Claims (Court) clarified that although pain may be a cause or manifestation of functional loss, limitation of motion due to pain is not necessarily rated at the same level as functional loss where motion is impeded. See Mitchell v. Shinseki, No. 09-2169 (U.S. Vet. App. Aug. 23, 2011); cf. Powell v. West, 13 Vet. App. 31, 34 (1999); Hicks v. Brown, 8 Vet. App. 417, 421 (1995); Schafrath v. Derwinski, 1 Vet. App. 589, 592 (1991). Instead, the Mitchell Court explained that pursuant to 38 C.F.R. §§ 4.40 and 4.45, the possible manifestations of functional loss include decreased or abnormal excursion, strength, speed, coordination, or endurance (38 C.F.R. §§ 4.40), as well as less or more movement than is normal, weakened movement, excess fatigability, and pain on movement (as well as swelling, deformity, and atrophy) that affects stability, standing, and weight-bearing (38 C.F.R. § 4.45). Thus, functional loss caused by pain must be rated at the same level as if the functional loss were caused by any of the other factors cited above. Therefore, in requesting an examination for purposes for rating the severity of the low back disability, the examiner will be asked to determine the overall level of functional impairment due to these factors.

The Board also notes that in hearing testimony presented in 2011, the Veteran indicated that he had not received any recent treatment for the low back. Clinical records on file include records of Dr. C.K.K. dated in May 2007. On remand, the Veteran will have an opportunity to submit and identify any additional evidence pertinent to his claim, and a request for more recent VA records will be made. 

Accordingly, the case is REMANDED for the following action:

1. The Veteran shall be given an opportunity to identify any additional evidence, including relevant medical treatment records, from either private or VA facilities, which pertain to his increased rating claim for his low back disability that have not yet been associated with the claims folder. Appropriate steps shall be taken to obtain any identified records.

The RO/AMC shall attempt to obtain copies of any records of pertinent private treatment from Dr. C.K.K. dated since May 2007. 

2. The RO/AMC shall schedule the Veteran for an appropriate VA examination to identify the nature and severity of all manifestations (orthopedic and neurologic) associated with the Veteran's service connected disability of the lumbar spine, characterized as degenerative disc disease and degenerative joint disease of the lumbar spine (with complaints of associated neurological symptomatology). The claims file must be made available to the examiner for review of the pertinent medical and other history. All necessary diagnostic testing, and evaluations should be completed. The Veteran's lay history of symptoms associated with the disability should be recorded.

The examiner is asked to address the following:

(a) Provide the range of motion of the lumbar spine (extension, forward flexion, left and right lateral flexion and left and right rotation), expressed in degrees.

(b) Determine whether the back exhibits weakened movement, excess fatigability, or incoordination attributable to the service connected back disorders and, if feasible, these determinations should be expressed in terms of the degree of additional range of motion loss due to any weakened movement, excess fatigability, or incoordination. The examiner is also requested to discuss the overall level of functional impairment attributable to these factors. 

The examiner should express an opinion addressing whether pain could significantly limit functional ability during flare-ups or when the back is used repeatedly over a period of time. This determination should also, if feasible, be portrayed in terms of the degree of additional range of motion loss due to pain on use or during flare-ups. 

(c) Identify any neurological manifestations associated with the service-connected lumbar spine disorder, to include any associated bladder or bowel impairment. (In December 2011, the Veteran provided testimony to the effect that he was having chronic pain in the buttocks and hips, as well as tingling in the left leg and foot, which he believed was associated with his low back disorder). The nature of each neurological sign and symptom should be explained and the severity of the impairment described (such as in terms of the level of paralysis - mild/moderate/severe and incomplete or complete). In conjunction with assessing the neurological component of the Veteran's disability, please conduct EMG and nerve conduction studies and explain the resulting findings. Should these tests not be warranted for any reason - please provide a rationale supporting that conclusion. 

(d) State whether the Veteran has intervertebral disc syndrome. If so, state whether intervertebral disc syndrome results in incapacitating episodes, and if so, the duration of the episodes over the preceding 12 months should be reported.

The examiner should note that for VA purposes an incapacitating episode is a period of acute signs and symptoms due to intervertebral disc syndrome that requires bed rest prescribed by a physician and treatment by a physician.

(e) The examiner is also asked to comment on the impact of the Veteran's low back disability, if any, on the his employment and activities of daily life. A complete rationale for any opinions expressed in this regard should be provided.

3. The RO/AMC should review the Veteran's claims file and ensure that the foregoing development actions have been conducted and completed in full, and that no other notification or development action, in addition to those directed above, is required.

4. The RO/AMC should then readjudicate the Veteran's claim of entitlement to a rating in excess in excess of 40 percent for degenerative disc disease and degenerative joint disease of the lumbar spine for the portion of the appeal period extending from April 16 to May 18, 2008; and for a rating in excess of 20 percent from May 19, 2008 forward. Consideration of applicable rating criteria, staged ratings, and separate ratings (such as for neurological symptomatology), should be undertaken as appropriate. In addition, if appropriate, the RO/AMC should consider submission of the case to the Under Secretary for Benefits or Director of Compensation and Pension Service for extra-schedular consideration.

If the decision with respect to the claim remains adverse to the Veteran, he and his representative should be furnished a Supplemental Statement of the Case and afforded an appropriate period of time within which to respond thereto.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

No action is required of the appellant until further notice. However, the Board takes this opportunity to advise the appellant that the conduct of the efforts as directed in this remand, as well as any other development deemed necessary, is needed for a comprehensive and correct adjudication of his claim. His cooperation in VA's efforts to develop his claim, including reporting for any scheduled VA examination, is both critical and appreciated. The appellant is also advised that failure to report for any scheduled examination may result in the denial of a claim. 38 C.F.R. § 3.655.

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2011).



_________________________________________________
DENNIS F. CHIAPPETTA
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2011).