http://www.va.gov/vetapp16/Files4/1630432.txt

Citation Nr: 1630432 
Decision Date: 07/29/16 Archive Date: 08/04/16

DOCKET NO. 16-16 234 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Diego, California

THE ISSUES

1. Entitlement to an increased disability rating for pharyngitis with gastroesophageal reflux disease (GERD). 

2. Propriety of the reduction in the disability rating for service-connected pharyngitis with GERD from 10 percent to noncompensable, effective February 2, 2015.

REPRESENTATION

Appellant represented by: California Department of Veterans Affairs

ATTORNEY FOR THE BOARD

Steve Ginski, Associate Counsel

INTRODUCTION

The Veteran served on active duty in the U.S. Army from October 1972 to January 1975, and in the United States Navy from January 1978 to December 1985 and from May 1986 to April 2001. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a May 2015 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in San Diego, California.

As alluded to in the issues section, the Veteran's disability rating for pharyngitis with GERD was reduced from 10 percent to noncompensable, effective February 2, 2015, in the May 2015 rating decision. While no specific appeal as to the reduction was noted, the issue of whether the reduction was proper is part and parcel with the increased rating claim for pharyngitis with GERD. Further, as the Board will restore the Veteran's 10 percent rating, no prejudice is caused to the Veteran by the Board's exercise of jurisdiction. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).

FINDINGS OF FACT

1. The reduction of the evaluation for pharyngitis with GERD was done without consideration of the requirements of applicable regulations. 

2. The most probative evidence of record shows that the Veteran's gastrointestinal disability has been manifested by two or more of the symptoms for a 30 percent evaluation with less severity and that he has no symptoms of pharyngitis.

CONCLUSIONS OF LAW

1. The reduction of the evaluation for residuals of pharyngitis from 10 to noncompensable is void ab initio. 38 U.S.C.A. § 1155 (West 2014); 38 C.F.R. § 3.344 (2015).

2. The criteria for a disability rating higher than 10 percent for pharyngitis with GERD, have not been met. 38 U.S.C.A. § 1155 (West 2014); 38 C.F.R. § 4.114, Diagnostic Codes 6516, 7346 (2015).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

I. Rating Reduction

In the May 2015 rating decision, the RO reduced the Veteran's service-connected pharyngitis with GERD from 10 percent to noncompensable effective February 2, 2015, the date of the Veteran's increased rating claim for the same condition. 

A disability rating may be reduced; however, the circumstances under which rating reductions can occur are specifically limited and carefully circumscribed by regulations promulgated by the Secretary. Dofflemyer v. Derwinski, 2 Vet. App. 277, 280 (1992). The United States Court of Veterans Appeals (Court) has interpreted the provisions of 38 C.F.R. § 4.13 to require that in any rating reduction case, it must be ascertained, based upon a review of the entire recorded history of the condition, whether the evidence reflects an actual change in the disability and whether the examination reports reflecting such change are based upon thorough examinations. See Brown v. Brown, 5 Vet. App. 413 (1993). 

Moreover, 38 C.F.R. §§ 4.2 and 4.10 provide that in any rating-reduction case, not only must it be determined that an improvement in a disability has actually occurred, but also that that improvement in a disability actually reflects an improvement in the veteran's ability to function under the ordinary conditions of life and work. Brown, 5 Vet. App. 413. 

38 C.F.R. § 3.344(a) provides for the stabilization of disability ratings that have continued for long periods (5 years or more) at the same level, and requires that prior to a rating reduction there must be a comparison of the evidence, and particularly any rating examinations, to ensure completeness and that rating subject to temporary or episodic improvement will not be reduced on a single examination unless clearly warranted by all the evidence. Any material improvement must be reasonably certain to continue under the ordinary conditions of life. 

The evidence must reflect an actual change in the veteran's condition and not merely a difference in the thoroughness of the examination or in the use of descriptive terms. 38 C.F.R. § 4.13. The evidence must also show that the improvement in the disability actually reflects an improvement in the veteran's ability to function under the ordinary conditions of life and work. 38 C.F.R. §§ 4.2, 4.10. 

Finally, such reduction must be based upon a review of the entire history of the veteran's disability. 38 C.F.R. §§ 4.1, 4.2; Brown, 5 Vet. App. at 420-421. 

In reducing the Veteran's rating, the RO neither cited to nor discussed 38 C.F.R. § 3.344, the pertinent regulation in effect at that time governing the reduction of a disability rating of a disability that was in effect for five or more years, thereby rendering the reduction void ab initio. See Kitchens v. Brown, 7 Vet. App. 320, 325 (1995) ("Where, as here, the Court finds that VA has reduced a veteran's rating without observing applicable laws and regulation, such a rating is void ab initio and the Court will set it aside as not in accordance with the law"); see also Greyzck v. West, 12 Vet. App. 288, 292 (1999) (noting that the regulatory language in 38 C.F.R. § 3.344(a) has not changed since its adoption in February 1961 . . . that where VA reduces a disability rating without complying with applicable VA regulations, the reduction is void ab initio). 

In reaching this conclusion, the Board acknowledges that where the evaluation of a disability is reduced but the amount of compensation paid is not reduced, the provisions of section 3.105(e) do not apply. See Stelzel v. Mansfield, 508 F.3d 1345, 1349 (Fed. Cir. 2007) (holding that VA was not obligated to provide a Veteran with sixty days notice before making a disability ratings decision effective if the decision did not reduce the overall compensation paid to the Veteran); see also VAOPGCPREC 71-91 (Nov. 7, 1991) (where the evaluation of a specific disability is reduced, but the amount of compensation is not reduced because of a simultaneous increase in the evaluation of one or more other disabilities, section 3.105(e) does not apply). Here, however, the RO also failed to comply with the substantive provisions of 38 C.F.R. § 3.344 for a disability rating in effect for more than five years. Thus, the Board reiterates that the reduction is void ab initio. See Kitchens, supra.

II. Increased Disability Rating

Disability ratings are determined by the application of the VA's Schedule for Rating Disabilities. Separate diagnostic codes identify the various disabilities, which are based, as far as practically can be determined, on average impairment in earning capacity. 38 U.S.C.A. § 1155 (West 2014); 38 C.F.R. Part 4 (2015). When rating a service-connected disability, the entire history must be borne in mind. Schafrath v. Derwinski, 1 Vet. App. 589 (1991). The Board will also consider entitlement to staged ratings to compensate for times since filing the claim when the disability may have been more severe than at other times during the course of the claim on appeal. Fenderson v. West, 12 Vet. App. 119 (1999); Hart v. Mansfield, 21 Vet. App. 505 (2007).

Where there is a question as to which of two ratings shall be applied, the higher rating will be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7 (2015). Reasonable doubt regarding the degree of disability will be resolved in the Veteran's favor. 38 C.F.R. § 4.3 (2015). 

In view of the number of atypical instances it is not expected, especially with the more fully described grades of disabilities, that all cases will show all the findings specified. Findings sufficiently characteristic to identify the disease and the disability therefrom, and above all, coordination of rating with impairment of function will, however, be expected in all instances. 38 C.F.R. § 4.21 (2015). At the time of an initial rating, separate ratings can be assigned for separate periods of time based on facts found, a practice known as "staged" ratings. Fenderson v. West, 12 Vet. App. 119, 126 (1999). 

The evaluation of the same disability under various diagnoses, known as pyramiding, is generally to be avoided. 38 C.F.R. § 4.14 (2015). The critical element in permitting the assignment of several ratings under various diagnostic codes is that none of the symptomatology for any one of the disabilities is duplicative or overlapping with the symptomatology of the other disability. See Esteban v. Brown, 6 Vet. App. 259, 261-62 (1994).

The Veteran's disability was initially rated under Diagnostic Codes 6516-7346. Hyphenated diagnostic codes are used when a rating under one code requires use of an additional diagnostic code to identify the basis for the rating assigned. 38 C.F.R. § 4.27. In this case, the Veteran's hyphenated rating codes indicates his pharyngitis is rated under the code for hiatal hernias, which addresses the Veterans' GERD symptoms. The Board will analyze whether a higher disability rating is warranted under any appropriate diagnostic code that properly addresses either pharyngitis or GERD. 

Under Diagnostic Code 6516, which contemplates chronic laryngitis, a 10 percent rating is warranted for hoarseness, with inflammation of cords or mucous membrane. A 30 percent rating is warranted for hoarseness, with thickening or nodules of cords, polyps, submucous infiltration, or pre-malignant changes on biopsy. 38 C.F.R. § 4.97, Diagnostic Code 6516 (2015).

The Veteran's GERD was evaluated by analogy under Diagnostic Code 7346 for hiatal hernia. While this is a different problem, it is the best criteria to evaluate the Veteran's condition based on his statements. Under Diagnostic Code 7346, a 10 percent rating is assigned when the Veteran experiences two or more of the symptoms for a 30 percent evaluation with less severity. A 30 percent rating is warranted when there is persistently recurrent epigastric distress with dysphagia (difficulty swallowing), pyrosis, and regurgitation, accompanied by substernal or arm or shoulder pain, causing considerable impairment of health. The maximum 60 percent rating is warranted for symptoms of pain, vomiting, material weight loss and hematemesis or melena with moderate anemia; or other symptom combinations productive of severe impairment of health. 38 C.F.R. § 4.114, Diagnostic Code 7346 (2015). 

After a thorough review of the record, the Board finds that a disability rating in excess of 10 percent is not warranted for the Veteran's service-connected pharyngitis with GERD. 

Initially, the Board notes that the Veteran's treatment records are silent for any upper respiratory symptoms other than those attributable to his advanced, stage IV squamous cell carcinoma of the right tonsil. This condition is not service-connected and its symptoms are not attributable to the instant claim. An April 2015 VA Sinusitis, Rhinitis and other Conditions of the Nose, Throat, Larynx and Pharynx Disability Benefits Questionnaire affirmed that the Veteran's throat symptoms were due to his throat cancer. These examination findings are corroborated by a May 2014 examination, in which the Veteran denied having an upper respiratory infection, pharyngitis, or sore throat over "at least [the previous] year." As such, a disability rating under Diagnostic Code 6516 is not warranted. The report, overall, provides evidence against this claim. 

The Veteran also underwent a VA examination for esophageal conditions, including GERD, in April 2015. During the clinical interview, the Veteran reported having heartburn and reflux since his active duty. He had self-treated these symptoms with over-the-counter "Tums" and "Rolaids." He started taking prescribed medication for his esophageal symptoms after his military service, sometimes taking the medication two to three times daily in order to control his GERD symptoms. The Veteran's GERD manifested as infrequent episodes of epigastric distress, pyrosis, and reflux. This examination documents more symptoms than a May 2014 VA examination for GERD. At that time, the examiner only found reflux as a symptom attributable to the Veteran's GERD disability. 

The Board has also reviewed the Veteran's VA treatment records from during the appeal period. While documenting the Veteran's diagnosed service-connected pharyngitis with GERD, they do not provide any more insight into the present severity of this condition than the VA examinations conducted on April 2015. 

Applying the relevant rating criteria under Diagnostic Code 7346, the Board finds a higher rating of 30 percent is not warranted for GERD. In this regard, a 30 percent rating is warranted when there is persistently recurrent epigastric distress with dysphagia (difficulty swallowing), pyrosis, and regurgitation, accompanied by substernal or arm or shoulder pain, causing considerable impairment of health. The April 2015 VA examination reflects the symptoms of infrequent epigastric discomfort, pyrosis, and reflux. These symptoms do not approximate the 30 percent evaluation under Diagnostic Code 7346. 

Specifically, the Veteran does not persistently have recurrent epigastric distress with dysphagia and regurgitation, accompanied by substernal or arm or shoulder pain, productive of considerable impairment of health. The Veteran has two or more symptoms for the 30 percent evaluation. However, the Board is unable to conclude that the Veteran's symptoms are of equal severity with the symptoms contemplated by the higher disability evaluation. The Board is further unable to conclude that the Veteran's GERD symptoms are productive of considerable impairment of health. 

Accordingly, the assignment of a rating higher than 10 percent for pharyngitis with GERD is not warranted. 

The Veteran is competent to report his epigastric complaints as these observations come to him through his senses. Layno v. Brown, 6 Vet. App. 465, 469 (1994). The Board also acknowledges the Veteran's belief that his symptoms are of such severity as to warrant a higher rating and has taken these contentions seriously. He is not, however, competent to identify a specific level of disability of his gastrointestinal disability according to the appropriate diagnostic code. On the other hand, such competent evidence concerning the nature and extent of the Veteran's gastrointestinal disability has been provided by the medical personnel who have examined him during the current appeal and who have rendered pertinent opinions in conjunction with the evaluation. The medical findings (as provided in the examination reports) directly address the criteria under which this disability is evaluated.

Additionally, with respect to an extraschedular rating under 38 C.F.R. § 3.321 for her increased disability claim, the applicable rating criteria contemplate all impairment resulting from the Veteran's gastrointestinal disability. The criteria reasonably describe the Veteran's disability level and symptomatology, specifically his complaints of infrequent epigastric distress, pyrosis, and reflux. The assigned schedular rating is, therefore, adequate and referral for extraschedular consideration is not required under 38 C.F.R. § 3.321(b)(1). Thun v. Peake, 22 Vet. App. 111 (2008), aff'd, Thun v. Shinseki, 572 F.3d 1366 (Fed. Cir. 2009).

III. Duties to Notify and Assist

VA has a duty to notify and a duty to assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5103, 5103A; 38 C.F.R. §§ 3.159, 3.326(a).

The Veteran filed his increased rating claim using a VA Form 21-526EZ for fully developed claims. Under the framework for a fully developed claim (FDC), a claim is submitted in a "fully developed" status, limiting the need for further development of the claim by VA. When filing a fully developed claim, a veteran submits all evidence relevant and pertinent to his or her claim other than service treatment records and treatment records from VA medical centers, which will be obtained by VA. Under certain circumstances, additional development, including obtaining additional records and providing the veteran with a VA medical examination, may still be required prior to the adjudication of the claim.

The RO also provided assistance to the appellant as required under 38 U.S.C.A. § 5103A and 38 C.F.R. § 3.159(c), as indicated under the facts and circumstances in this case. It appears that all known and available records relevant to the issues on appeal have been obtained and are associated with the Veteran's claims files. The RO has obtained the Veteran's available VA and private treatment reports. The Veteran has also been afforded May 2015 examinations during the time period on appeal, and he underwent relevant examinations within a year of his filing his claim. 

Therefore, based on the foregoing, the Board finds that the Veteran has not been prejudiced by a failure of VA in its duty to assist, and that any violation of the duty to assist could be no more than harmless error. See Conway v. Principi, 353 F.3d 1369 (Fed. Cir. 2004).

ORDER

Restoration of the 10 percent disability rating for pharyngitis with GERD is granted, effective February 2, 2015. 

Entitlement to a disability rating in excess of 10 percent for pharyngitis with GERD is denied.

____________________________________________
JOHN J. CROWLEY
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs