Citation Nr: AXXXXXXXX
Decision Date: 05/28/21 Archive Date: 05/28/21

DOCKET NO. 191007-41057
DATE: May 28, 2021

ORDER

Entitlement to a compensable rating for left ear hearing loss is denied.

The reduction of disability rating for left lower extremity radiculopathy from 20 percent to 10 percent, effective June 3, 2019, was not proper; a 20 percent rating is restored.

REMANDED

Entitlement to a disability rating in excess of 20 percent for left lower extremity radiculopathy is remanded.

FINDINGS OF FACT

1. The Veteran's left ear hearing has been manifested by hearing acuity of no worse than Level I in the left ear.

2. The July 2019 rating decision which reduced the rating for the Veteran's left lower extremity radiculopathy was not proper; the Veteran's disability did not reflect actual improvement in his ability to function under the ordinary conditions of life and work.

CONCLUSIONS OF LAW

1. The criteria for a compensable rating for left ear hearing loss have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.85, 4.86, Diagnostic Code 6100.

2. The criteria for restoration of a 20 percent rating for left lower extremity radiculopathy have been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.102, 3.105, 4.124a, Diagnostic Code 8520.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty in the United States Air Force from March 1977 to January 1988.

The rating decision on appeal was issued in July 2019 and constitutes an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies.

In October 2019, the Veteran submitted a VA Form 10182 (Board Appeal) and a VA Form 20-0995 (Supplemental Claim) for the issues on appeal. In February 2021, the Board sent a letter requesting clarification on the preferred review process. In the March 2021 response, the Veteran did not clearly indicate his selection, but instead made contentions to the Board that the June 2019 VA examination that resulted in the reduction of compensation for his left lower extremity radiculopathy was inadequate. As his response appears to seek appellate review by the Board, the Board will proceed to review the claims on appeal.

In the October 2019 VA Form 10182, the Veteran elected the Evidence Submission docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal, as well as any evidence submitted by the Veteran with, or within 90 days from receipt of, the VA Form 10182. 38 C.F.R. § 20.303.

The Board notes that entitlement to an earlier effective date for the grant of service connection for left lower extremity radiculopathy is not before the Board. A statement of the case was issued on September 17, 2019, and the Veteran did not respond within 60 days of the issuance. Thus, the claim was closed.

Additionally, there is a separate appeal stream in the legacy system for an increased rating claim for lumbosacral strain, and whether new and material evidence has been received to reopen the claim for service connection for thoracic/upper back condition. As the legacy system is separate from the current AMA system, those issues will not be adjudicated herein and will be the subject of a separate Board decision.

1. Entitlement to a compensable rating for left ear hearing loss is denied.

The Veteran contends that he is entitled to a compensable rating for his left ear hearing loss. The appeal period begins on May 1, 2018, one year prior to receipt of the claim for increase. Gaston v. Shinseki, 605 F.3d 979, 982 (Fed. Cir. 2010).

Evaluations of defective hearing range from noncompensable to 100 percent based on organic impairment of hearing acuity as measured by the results of a controlled Maryland CNC speech discrimination test together with the average hearing threshold level measured by pure tone audiometry tests in the frequencies of 1000, 2000, 3000, and 4000 cycles per second (Hertz). 38 C.F.R. § 4.85, Diagnostic Code 6100.

To evaluate the degree of disability from bilateral service-connected hearing loss, the schedule establishes 11 auditory hearing acuity levels designated from Level I for essentially normal hearing acuity through Level XI for profound deafness. 38 C.F.R. § 4.85, Tables VI and VII.

An exceptional pattern of hearing impairment occurs when the pure tone threshold at each of the four specified frequencies (1000, 2000, 3000, and 4000 Hertz) is 55 decibels or more. 38 C.F.R. § 4.86(a). In that situation, the rating specialist will determine the Roman numeral designation for hearing impairment from either Table VI or Table VIA, whichever results in the higher numeral. Further, when the average pure tone threshold is 30 decibels or less at 1000 Hertz, and 70 decibels or more at 2000 Hertz, the rating specialist will determine the Roman numeral designation for hearing impairment from either Table VI or Table VIA, whichever results in the higher numeral, and that numeral will then be elevated to the next higher numeral. 38 C.F.R. § 4.86(b).

If impaired hearing is service-connected in only one ear, the law allows for compensation for hearing loss as if both ears were service-connected if the service-connected hearing loss is ratable as at least 10 percent disabling and the nonservice-connected hearing loss meets the standard for a hearing loss disability for VA purposes under 38 C.F.R. § 3.385, unless the nonservice-connected hearing loss is the result of the Veteran's willful misconduct. See 38 C.F.R. § 3.383. To determine the percentage evaluation from Table VII, the non-service-connected ear will be assigned a Roman Numeral designation for hearing impairment of I, subject to the provisions of 38 C.F.R. § 3.383. 38 C.F.R. § 4.85(f).

A June 2019 VA examination report reveals that the Veteran reported he has to ask people to repeat themselves constantly. He also reported he cannot hear his wife, and that his family complains about his turning up the TV too loud. 38 C.F.R. § 4.10; Martinak v. Nicholson, 21 Vet. App. 447 (2007). The Veteran's Maryland CNC Word List speech recognition score and pure tone thresholds, in decibels, were as follows: 

 HERTZ

 1000 2000 3000 4000 Avg CNC

RIGHT 10 15 15 40 20 100

LEFT 25 30 40 65 40 100

The Veteran is only service connected for the left ear. Applying the results to Table VI, the findings yield a numeric designation of Level I in the left ear. Where service connection for right ear hearing loss is not in effect, Level I hearing is assigned for the right ear for purposes of determining the disability rating under Table VII. Application of Level I hearing for both ears to Table VII in results a noncompensable rating. An exceptional pattern of hearing impairment under 38 C.F.R. § 4.86 was not shown. There is no other VA or private audiological evaluation during the appeal period.

Based on the evidence above, a compensable rating for the Veteran's left ear hearing loss disability is not warranted. The Board expressly acknowledges its consideration of the lay evidence of record when adjudicating this claim, including difficulty understanding speech and needing to ask people to repeat statements. The Veteran is competent to report difficulty with his hearing; however, disability ratings for hearing loss are derived from a mechanical application of the rating schedule to the numeric designations resulting from audiometric testing. See Lendenmann v. Principi, 3 Vet. App. 345 (1992).

The rating criteria contemplate speech reception thresholds and ability to hear spoken words on Maryland CNC testing. The functional impact that the Veteran describes, is contemplated by the rating criteria. Doucette v. Shulkin, 28 Vet. App. 366 (2017). The Veteran's main complaint is reduced hearing acuity and clarity, which is what is contemplated in the rating assigned. See Rossy v. Shulkin, 29 Vet. App. 142, 145 (2017).

Accordingly, the preponderance of the most probative evidence is against the claim of entitlement to a compensable rating for left ear hearing loss. In reaching the conclusion above, the Board considered the doctrine of reasonable doubt, however, as the preponderance of the evidence is against the Veteran's claim, the doctrine is not for application. The Veteran's claim is denied. Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

2. The reduction of disability rating for left lower extremity radiculopathy from 20 percent to 10 percent, effective June 3, 2019, was not proper; a 20 percent rating is restored.

The Veteran contends that the July 2019 rating decision which reduced the evaluation of his left lower extremity radiculopathy from 20 percent to 10 percent was improper. He asserts that the reduction was based on an inadequate June 2019 VA examination comprised of a 5-minute conversation, and without a full evaluation. See October 2020 VA Form 10182; see also March 2021 correspondence.

The provisions of 38 C.F.R. § 3.105(e) allow for the reduction in evaluation of a service-connected disability when warranted by the evidence, but only after following certain procedural guidelines. However, where the rating reduction does not result in reduction in the overall compensation amount for the veteran, the due process protections of 38 C.F.R. § 3.105(e) do not apply. See Stelzel v. Mansfield, 508 F.3d 1345, 1349 (Fed. Cir. 2007); Tatum v. Shinseki, 24 Vet. App. 139, 143 (2010); VAOPGCPREC 71-91. As the reduction at issue in this case did not result in a reduction of the Veteran's overall compensation, notice under 38 C.F.R. § 3.105(e) was not required. And inasmuch as this decision restores a 20 percent rating for the radiculopathy disability, any procedural omission is harmless.

In cases where a rating has been in effect for five years or more, the rating agency must make reasonably certain that the improvement will be maintained under the conditions of ordinary life even if material improvement in the physical or mental condition is clearly reflected. Kitchens v. Brown,7 Vet. App. 320, 324 (1995). Moreover, a rating that has been in effect for five years or more may not be reduced on the basis of only one examination in cases where the disability is the result of a disease subject to periodic or episodic improvement. 38 C.F.R. § 3.344(a). The five-year period is calculated from the effective date of the rating to the effective date of the reduction. Brown v. Brown, 5 Vet. App. 413, 419 (1993). These requirements, however, do not apply to ratings that have not continued for long periods at the same level (e.g. less than five years) or to disabilities which have not become stabilized and are likely to improve. Rather, in such cases, reexaminations disclosing improvement, physical or mental, in these disabilities will warrant a rating reduction. 38 C.F.R. § 3.344(c).

In this case, the Veteran's 20 percent rating for his left lower extremity radiculopathy was awarded in a September 2018 rating decision and made effective from December 19, 2017. The reduction to a 10 percent rating is effective as of June 3, 2019. Thus, the 20 percent rating has been in effect for less than five years.

Notwithstanding the above, a rating reduction is not proper unless the veteran's disability shows actual improvement in his or her ability to function under the ordinary conditions of life and work. See Faust v. West, 13 Vet. App. 342, 349 (2000). Regulations "impose a clear requirement that VA rating reductions be based upon a review of the entire history of the Veteran's disability." Brown v. Brown, 5 Vet. App. 413, 420 (1993); 38 C.F.R. §§ 4.1, 4.2, 4.13. The examination reports reflecting such change must be based upon thorough examinations. Brown, 5 Vet. App. at 421. The evidence must reflect an actual change in the veteran's condition and not merely a difference in the thoroughness of the examination or in the use of descriptive terms. 38 C.F.R. § 4.13. 

Significantly, in a rating reduction case, VA has the burden of establishing that the disability has improved. A rating reduction case focuses on the propriety of the reduction and is not the same as an increased rating issue. See Peyton v. Derwinski, 1 Vet. App. 282, 286 (1991). In considering the propriety of a reduction, the Board must focus on the evidence available to the AOJ at the time the reduction was effectuated, although post-reduction medical evidence may be considered in the context of evaluating whether the condition had demonstrated actual improvement. Dofflemyer v. Derwinski, 2 Vet. App. 277, 281-282 (1992).

The question of whether a disability has improved involves consideration of the applicable rating criteria. The Veteran's left lower extremity radiculopathy is rated under 38 C.F.R. § 4.124a, Diagnostic Code 8520. Under these criteria, mild incomplete paralysis is rated as 10 percent disabling. Moderate incomplete paralysis is rated as 20 percent disabling. Moderately severe incomplete paralysis is rated as 40 percent disabling. Severe incomplete paralysis, with marked muscular atrophy is rated as 60 percent disabling. Complete paralysis, with the foot dangles and drops, no active movement possible of muscles below the knee, flexion of knee weakened or (very rarely) lost is rated as 80 percent disabling. 38 C.F.R. § 4.124a. 

The words "mild," "moderate," and "severe" as used in the various Diagnostic Codes are not defined in the Rating Schedule. Regulations provide that ratings for peripheral neurological disorders are to be assigned based the relative impairment of motor function, trophic changes, or sensory disturbance. 38 C.F.R. § 4.120. Consideration is also given for loss of reflexes, pain, and muscle atrophy. See 38 C.F.R. §§ 4.123, 4.124.

The term "incomplete paralysis" indicates a degree of lost or impaired function substantially less than the type picture for complete paralysis given with each nerve, whether due to varied level of the nerve lesion or to partial regeneration. When the involvement is wholly sensory, the rating is for the mild, or at most, the moderate degree. The disability ratings for the peripheral nerves are for unilateral involvement; when bilateral, the ratings combine with application of the bilateral factor. 38 C.F.R. § 4.124a, Note at "Diseases of the Peripheral Nerves." The Note to 38 C.F.R. § 4.124a establishes a maximum disability rating for conditions that are wholly sensory, as opposed to a minimum disability rating for conditions that are more than wholly sensory. See Miller v. Shulkin, 28 Vet. App. 376 (2017). 

The maximum rating which may be assigned for neuritis not characterized by organic changes will be moderately severe incomplete paralysis for sciatic nerve involvement. See 38 C.F.R. § 4.123. 

The question before the Board is whether the Veteran's left lower extremity radiculopathy has improved, such that there is an improvement in the Veteran's ability to function under the ordinary conditions of life and work.

The 20 percent rating was assigned in a September 2018 rating decision. It was made effective from December 19, 2017, and was based on a September 2018 VA examination for back conditions. At that examination, the examiner noted a diagnosis of lumbosacral strain, and that the Veteran had radicular pain or symptoms due to radiculopathy. The Veteran reported intermittent pain, numbness, and tingling in the left lower extremity. His straight leg raise test was positive. The examiner noted constant pain, numbness, and paresthesias and/or dysesthesias in the left lower extremity with moderate severity. The examiner did not note use of any assistive device as a normal mode of locomotion. The examiner noted that his back condition impacted in his ability to work in that he is unable to stand, sit, or walk for prolonged periods, nor he could lift or bend.

A March 2019 VA treatment record noted numbness/tingling in the left leg. The observation of the lower extremities revealed 2+ pedal pulses bilaterally.

The Veteran underwent a VA examination in June 2019. He was diagnosed with left lower extremity radiculopathy. The Veteran reported his radiculopathy condition has worsened. He reported intermittent numbness and tingling with occasional burning sensation in the left lower extremity. He also reported balance issues and difficulty with ambulation and weight bearing. The examiner noted intermittent pain, numbness, and paresthesias and/or dysesthesias with mild severity in the left lower extremity. The examiner noted mild, incomplete paralysis of the sciatic nerve; the examiner did not evaluate the rest 10 nerves of the left lower extremity. The examiner noted occasional use of cane as a normal mode of locomotion. Regarding the impact on his ability to work, the examiner noted that tasks requiring prolonged standing and walking, heavy lifting, running, kneeling, squatting, and climbing aggravated the Veteran's condition due to pain, numbness, tingling, and lack of endurance with weight bearing.

Given the foregoing, resolving reasonable doubt in the Veteran's favor, the Board finds that the evidence weighs in favor of a restoration of the 20 percent rating because it is not shown that the severity of the left lower extremity disability reflects actual improvement in his ability to function under the ordinary conditions of life and work.

The Board acknowledges that the June 2019 examination appears to show some improvement. The previous September 2018 examination noted constant pain, numbness, and paresthesias and/or dysesthesias with moderate severity in the left lower extremity, whereas the June 2019 examination noted intermittent pain, numbness, and paresthesias and/or dysesthesias with mild severity.

Notwithstanding, the Veteran's competent and credible lay statements do not show improvement overall. As noted above, the Veteran reported intermittent pain, numbness, and tingling in his left lower extremity during the September 2018 examination. At the June 2019 examination, the Veteran reported his condition has worsened, and that he experienced intermittent numbness and tingling with occasional burning sensation in the left lower extremity. He also newly indicated occasional use of cane. The Veteran's lay statements at the two examinations are not dissimilar. Furthermore, while the September 2018 examiner noted that the Veteran is unable to stand, sit, or walk for prolonged periods, or lift or bend due to his back condition, the June 2019 examiner similarly noted that prolonged standing and walking, heavy lifting, running, kneeling, squatting, and climbing impacted his ability to work. Overall, the evidence of record does not indicate that the Veteran's left lower extremity radiculopathy condition has improved.

In sum, the Board finds that the evidence weighs in favor of a restoration of the 20 percent rating because it is not shown that the severity of the left lower extremity radiculopathy reflects actual improvement in his ability to function under the ordinary conditions of life and work. Resolving reasonable doubt in his favor, the Board finds the preponderance of the competent and credible evidence does not reflect an improvement in the Veteran's left lower extremity radiculopathy.

Accordingly, the Veteran's 20 percent rating is restored effective June 3, 2019.

REASONS FOR REMAND

1. Entitlement to a rating in excess of 20 percent for left lower extremity radiculopathy is remanded.

The Veteran contends that the June 2019 VA examination was inadequate as it was based on a 5-minute conversation, and without a full evaluation. See October 2020 VA Form 10182; see also March 2021 correspondence. The appeal period begins on May 1, 2018. Gaston, 605 F.3d at 982.

A March 2019 VA treatment record noted numbness/tingling in the left leg. The observation of the lower extremities revealed 2+ pedal pulses bilaterally.

At the June 2019 VA examination, the Veteran reported his radiculopathy condition has worsened. The Veteran reported intermittent numbness and tingling with occasional burning sensation in the left lower extremity. The examiner noted intermittent pain, numbness, and paresthesias and/or dysesthesias with mild severity in the left lower extremity. Regarding the severity evaluation of the left lower extremity nerves, the examiner noted mild, incomplete paralysis of the sciatic nerve; however, the examiner did not complete the evaluation for the remaining ten nerves.

Given that the examiner failed to conduct a complete evaluation of the Veteran's left lower extremity radiculopathy, the June 2019 examination is inadequate, which is a pre-decisional duty to assist error that requires a remand. See Barr v. Nicholson, 21 Vet. App. 303 (2007). Based on the Veteran's lay statements and VA medical record, the examiner should have performed a full evaluation of the left lower extremity radiculopathy. Indeed, separate ratings under different Diagnostic Codes for the involvement of different nerves in radiculopathy of the left lower extremity are possible. Upon remand, a new VA examination should be afforded to determine the current severity of the Veteran's left lower extremity radiculopathy.

The matter is REMANDED for the following action:

Schedule the Veteran for an examination by an appropriate clinician to determine the current nature and severity of his service-connected left lower extremity radiculopathy. All tests and studies deemed helpful by the examiner should be accomplished in conjunction with the examination. The examiner should provide a full description of the disability and report all signs and symptoms necessary for evaluating the Veteran's disability.

 

 

Stephanie M. Owen

Acting Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board B. Jake Choi, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.