# United States Court of Appeals for the Federal Circuit

---

**CHESTER R. GASTON,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2009-7104

---

Appeal from the United States Court of Appeals for Veterans Claims in 07-0604, Judge Alan G. Lance, Sr.

---

Decided: May 20, 2010

---

KENNETH M. CARPENTER, Carpenter, Chartered, of Topeka, Kansas, argued for claimant-appellant.

ALLISON KIDD-MILLER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, JR., Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and RACHAEL T. SHENKMAN,

Attorney, Office of the General Counsel, United States
Department of Veterans Affairs, of Washington, DC.

---

Before NEWMAN, BRYSON, and DYK, *Circuit Judges.*

DYK, *Circuit Judge.*

Chester R. Gaston ("Gaston") appeals from a final
judgment of the United States Court of Appeals for Veter-
ans Claims ("Veterans Court") denying his claim to an
earlier effective date for his award of total disability based
on individual unemployability ("TDIU"). *See Gaston v.
Shinseki*, No. 07-0604, 2009 WL 624041 (Vet. App. Mar.
10, 2009) ("*Veterans Court Decision*"). We hold that under
38 U.S.C. § 5110(b)(2), a veteran is only entitled to an
earlier effective date if an increase in his disability oc-
curred during the year before he filed his claim. Here, the
Veterans Court concluded that the increase in Gaston's
disability occurred more than one year earlier than the
filing of his claim. Accordingly, we affirm.

## BACKGROUND

Gaston served in the U.S. Army from June 1970 to
August 1987. Upon leaving the service, the Veterans
Administration ("VA") awarded Gaston service connection
for knee and back conditions, and hearing loss. These
disabilities were initially rated noncompensable. In 1990,
the VA increased the rating for Gaston's back condition to
10%. In April 1995, the VA granted Gaston service con-
nection for post-traumatic stress disorder ("PTSD") at an
initial rating of 30% and tinnitus at an initial rating of
10%. The VA also increased the rating for Gaston's right
knee to 10%. A February 1996 VA decision continued
these assigned ratings. In March 1999, Gaston filed a
formal claim for TDIU and requested an increased rating
for PTSD. In March 2000, the VA granted Gaston's TDIU
claim. In addition, the VA increased Gaston's PTSD

rating to 50% and his left knee rating to 10%. The VA granted an effective date of March 25, 1999—the date of Gaston's claim—for the award of TDIU and the increased PTSD and left knee ratings.

Gaston appealed the TDIU effective date to the Board of Veterans' Appeals ("Board"), arguing, inter alia, that he should have been awarded an effective date of one year prior to the date of his formal TDIU claim under 38 U.S.C. § 5110(b)(2). He did not challenge the effective date for the increase in the PTSD or left knee ratings. Section 5110(b)(2) provides that the effective date of an increase in disability compensation "shall be the earliest date as of which it is ascertainable that an increase in disability had occurred, if application is received within one year from such date." The VA treats an award of TDIU for an already service-connected disability as an award of increased compensation for the purposes of § 5110(b)(2). *See Dalton v. Nicholson*, 21 Vet. App. 23, 32–34 (2007). It is unclear whether Gaston alleged that his disability increase had occurred (1) because the conditions for an award of TDIU were satisfied or (2) because the severity of the PTSD had increased, which, in turn, created the conditions for TDIU.[1] The Board appeared to reject both theories, as did the Veterans Court.

---

[1]   TDIU may be awarded when a veteran's schedular rating for service-connected disabilities is less than total when the veteran is found to be unable to secure or follow substantially gainful employment as a result of a single service-connected disability rated at 60% or more, or as a result of two or more service-connected disabilities where at least one of those disabilities is rated at 40% or more and the veteran's combined disability rating is 70% or more. 38 C.F.R. § 4.16(a). Veterans who do not meet the disability rating requirements may still receive TDIU on an extraschedular basis if they are unable to secure and follow substantially gainful employ-

The Board concluded that Gaston would be entitled to an effective date up to one year prior to the date of his TDIU claim under 38 U.S.C. § 5110(b)(2) only if it was "'factually ascertainable' that there was an increase in the service-connected disabilities such that it rendered [Gaston] unemployable within *one year* of receipt of his formal claim for TDIU in March 1999." *In re Gaston*, No. 02-16 763, slip op. at 9 (Bd. Vet. App. Nov. 6, 2006). Examining Gaston's medical records, the Board "[did] not find that the . . . medical records provide[d] evidence of increased disability of the service-connected disabilities or of total disability based on service-connected disabilities for the year preceding receipt of [Gaston's] claim for increase in March 1999." *Id.* at 11. Thus, the Board denied Gaston an effective date for TDIU prior to March 25, 1999.

Gaston appealed the Board's decision to the Veterans Court. He argued that because his Social Security Administration ("SSA") records demonstrated that his condition had worsened in October 1994, it was "factually ascertainable" that his disability had increased before his formal claim for TDIU was filed in March 1999, and therefore he was entitled to an effective date one year prior to the VA's receipt of his claim. The Veterans Court, however, explained that 38 U.S.C. § 5110(b)(2) only permitted the assignment of an effective date earlier than the date of Gaston's claim if his disability had become worse during the year prior to his claim. *See Veterans Court Decision*, 2009 WL 624041, at *4. The court held that "[i]f [Gaston]'s disability became worse . . . (as he asserts is established by the record in the form of SSA documents) many years before he filed his claim for an award of TDIU, those documents do not establish that his condition worsened in the year prior to his claim for TDIU filed in March 1999." *Id.* The court then noted that "[t]he

---

ment by reason of service-connected disabilities. *Id.* § 4.16(b).

Board did not find any of the evidence between March 1998 and March 1999 to indicate a factually ascertainable increase in [Gaston's] conditions supporting [his] claim for an earlier effective date for an award of TDIU." *Id.* The Veterans Court thus affirmed the Board's denial of an earlier effective date for TDIU. Gaston timely appealed.

DISCUSSION

We have jurisdiction to review decisions of the Veterans Court "with respect to the validity of a decision of the Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." 38 U.S.C. § 7292(a); *see Forshey v. Principi*, 284 F.3d 1335, 1359 (Fed. Cir. 2002) (en banc) ("We hold that we have jurisdiction over . . . issues of interpretation if the Court of Appeals for Veterans Claims elaborated the meaning of a statute or regulation and the decision depended on that interpretation . . . ."), *superceded on other grounds by* Veterans Benefits Act of 2002, Pub. L. No. 107-330, § 402(a), 116 Stat. 2820, 2832. We therefore have jurisdiction to review all legal questions decided by the Veterans Court. *See Szemraj v. Principi*, 357 F.3d 1370, 1374–75 (Fed. Cir. 2004). We review a claim of legal error in a decision of the Veterans Court without deference. *Id.* at 1372. This appeal rests on the proper construction of 38 U.S.C. § 5110(b)(2).

Under 38 U.S.C. § 5110(a), the effective date of an increase in a veteran's disability compensation "shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor." Section 5110(b)(2) provides an exception to this general rule:

> The effective date of an award of increased compensation shall be the earliest date as of which it is ascertainable that an increase in disability had

occurred, if application is received within one year from such date.

In accordance with this subsection, the VA has promulgated 38 C.F.R. § 3.400(o)(2), which states that the effective date of any increase in disability compensation will be the "[e]arliest date as of which it is factually ascertainable that an increase in disability had occurred if [the] claim is received within 1 year from such date"; otherwise, the effective date of the increase is the date of receipt of the claim.

Gaston argues that the Veterans Court misconstrued 38 U.S.C. § 5110(b)(2) by limiting it to cases in which the evidence demonstrates that an increase in a veteran's service-connected disability occurred during the one year prior to the claim. Under Gaston's interpretation of the statute and accompanying regulation, if there is evidence that an increase occurred during *or before* the one year prior to the veteran's claim, the effective date for increased compensation will be based on the "facts found" as required by § 5110(a), but no earlier than the "one-year look-back period."

The government responds that the Veterans Court correctly limited § 5110(b)(2) to situations in which there was an increase in disability during the year prior to the claim. The government agrees that the entire claimed increase need not occur within the one-year period, but at least some part of the increase must occur during that period. If there is some increase during that period, the veteran is entitled to an earlier effective date (up to one year) for the entire increased disability. We agree that the statute compels these results.

It is clear from the plain language of 38 U.S.C. § 5110(b)(2) that it only permits an earlier effective date for increased disability compensation if that disability increased during the one-year period before the filing of

the claim.  Section 5110(b)(2) first specifies that the effective date of an increase "shall be the earliest date" that the evidence shows "an increase in disability had occurred."  The statute then imposes a condition, permitting application of this earlier date only "if application is received within one year from such date."  38 U.S.C. § 5110(b)(2).

The government notes that eleven other subsections in § 5110 provide veterans and other claimants earlier effective dates for claims filed within one year of an event.[2]  We find it equally difficult to read these other

---

2      *See* 38 U.S.C. § 5110(b)(1) (specifying effective date of award of disability as day following discharge or release "if application therefor is received within one year from such date of discharge or release"); *id.* § 5110(b)(3)(A) (specifying effective date of disability pension as date "veteran became permanently and totally disabled, if the veteran applies for a retroactive award within one year from such date"); *id.* § 5110(c) (specifying effective date of disability compensation under 38 U.S.C. § 1151 as date of injury or aggravation "if an application therefor is received within one year from such date"); *id.* § 5110(d) (specifying effective date of death benefits as first day of month in which death occurred if "application is received within one year from the date of death"); *id.* § 5110(e)(1) (specifying effective date of dependency and indemnity compensation as first day of month in which entitlement arose "if application therefor is received within one year from such date"); *id.* § 5110(e)(2) (specifying effective date of dependency and indemnity compensation for child age eighteen or over as date child turns eighteen "if application therefor is received within one year from such date"); *id.* § 5110(f) (specifying effective date of additional disability compensation based on dependents as date of rating decision "if proof of dependents is received within one year from the date of notification of such rating action"); *id.* § 5110(j) (specifying effective date of death benefits as first day of month of death "if application therefor is received within one year from the date such report or finding [of date of death] has been made");

provisions as allowing earlier effective dates for claims filed more than one year after the specified event. Gaston offers no plausible construction of the statute that could support his position that an increase in disability that occurred more than one year before the filing of a claim allows a veteran to claim an effective date of one year before the date of the claim.

Gaston argues that Congress could not have intended to limit the statute to increases that occur during the one-year period. The legislative history of the provision, however, demonstrates that the purpose of § 5110(b)(2) was to provide veterans a one-year grace period for filing a claim following an increase in a service-connected disability. Congress enacted § 5110(b)(2) in 1975. *See* Veterans Disability Compensation and Survivor Benefits Act of 1975, Pub. L. No. 94-71, § 104(2), 89 Stat. 395, 396. Prior to that time, "the law provide[d] that increases in compensation payments because of increased disablement [would] be made from the date of an application for increase." 121 Cong. Rec. 23,937 (1975) (statement of Rep. Roberts). Congress intended the new provision to alleviate that strict rule by "permit[ting] retroactive payment of increased compensation from the date of increase in

---

*id.* § 5110(k) (specifying effective date of spousal or child benefits following annulment of marriage as "date judicial decree of annulment becomes final if a claim therefor is filed within one year from the date the judicial decree of annulment becomes final"); *id.* § 5110(l) (specifying effective date of spousal or child benefits following termination of remarriage as date of death or date divorce becomes final "if an application therefore is received within one year from such termination"); *id.* § 5110(n) (specifying effective date of benefits as date of marriage, birth, or adoption "if proof of such event is received by the Secretary within one year from the date of the marriage, birth, or adoption"); *see also id.* § 5110(g), (i) (limiting retroactive benefits to one year).

disability up to 1 year when that date is ascertainable." *Id.*

In addition, Congress modeled the new statute after the disability pension provision providing a one-year grace period—currently found at 38 U.S.C. § 5110(b)(3)(A) (quoted in note 2, *supra*)—that it had just enacted into law in the previous Congress. The Senate committee report for § 5110(b)(2) noted that "[t]his amendment is consistent with amendments concerning pension awards made last year by Public Law 93-177 [i.e., § 5110(b)(3)(A)]." S. Rep. No. 94-214, at 20 (1975), *as reprinted in* 1975 U.S.C.C.A.N. 771, 772; *see* 121 Cong. Rec. 23,937 ("This amendment is consistent with a similar amendment governing awards of pension enacted last year."); *see also* Act of Dec. 6, 1973, Pub. L. No. 93-177, § 6(a), 87 Stat. 694, 696. The disability pension provision of § 5110(b)(3)(A) originated as a proposal by the VA to "afford[] the disabled veteran a year from onset of disability to apply for pension and, if he is otherwise eligible, authorize payment retroactively to the date on which he became permanently and totally disabled." S. Rep. No. 93-373, at 24 (1973) (letter from Donald E. Johnson, Administrator of Veterans' Affairs). The VA explained that "[t]he 1-year period prescribed by the proposal within which to apply for disability pension is considered reasonable." *Id.* In passing the VA's proposal, Congress was "adopt[ing] [the] Veterans' Administration recommendation." H.R. Rep. No. 93-398, at 4 (1973). This history shows that Congress passed the disability pension provision of § 5110(b)(3)(A) to provide veterans a one-year grace period for filing their claim. It further suggests that by passing § 5110(b)(2), Congress intended to implement a similar grace period for increases in disability. Thus, consistent with the plain language of the statute and this legislative history, the only reasonable construction of 38 U.S.C. § 5110(b)(2) is that a veteran's claim for increased

disability compensation must be filed within one year of an increase in the disability, as shown by the evidence, in order to obtain an effective date earlier than the date of the claim.

The Veterans Court correctly construed 38 U.S.C. § 5110(b)(2) and its implementing regulation as requiring that an increase in a veteran's service-connected disability must have occurred during the one year prior to the date of the veteran's claim in order to receive the benefit of an earlier effective date.

We have considered Gaston's other arguments alleging error in the decision of the Veterans Court, and we find them to be without merit. In particular, we reject Gaston's contention that 38 C.F.R. § 3.340(a)(1) provides a separate basis for an award of TDIU. *See Johnston v. Nicholson*, 421 F.3d 1285, 1288 (Fed. Cir. 2005) (noting that the regulation "merely sets forth the general standards for total disability ratings").

## AFFIRMED

COSTS

No costs.