Citation Nr: 1730454 
Decision Date: 07/28/17 Archive Date: 08/09/17

DOCKET NO. 16-24 711 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Cleveland, Ohio


THE ISSUE

Entitlement to an effective date earlier than August 2, 2012, for the assignment of an increased 10 percent rating for service-connected bilateral pes planus.


REPRESENTATION

Appellant represented by: The American Legion


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

H. Papavizas, Associate Counsel

INTRODUCTION

The Veteran had active service from October 1952 to October 1954. Earlier service in the United States Marine Corps in 1948 is also noted. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a January 2013 rating decision issued by the Agency of Original Jurisdiction (AOJ).

In February 2017, the Veteran testified at a videoconference hearing in December 2012 before the undersigned Veterans Law Judge. A copy of the transcript is of record. 

During the February 2017 hearing, the Veteran and his representative moved to challenge a May 1960 Board decision on the basis of clear and unmistakable error. This motion will be independently docketed and will be the subject of a separately published Board decision.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900 (c). 38 U.S.C.A. § 7107 (a)(2) (West 2014).


FINDINGS OF FACT

1. In a final May 1960 decision, the Board affirmed a reduction of the rating assigned to the Veteran's service-connected bilateral pes planus from 10 percent to noncompensable.

2. On August 2, 2012, VA received the Veteran's claim seeking an increased compensable rating for his service-connected bilateral pes planus; no claim, either formal or informal, was reasonably raised prior to that date.

3. In a January 2013 rating decision, the AOJ awarded a 10 percent rating for the Veteran's service-connected bilateral pes planus, effective August 2, 2012, the date his claim was received.

4. It is not factually ascertainable that the Veteran's service-connected bilateral pes planus experienced an increase in severity warranting 10 percent disability rating within the one-year period prior to his August 2, 2012 claim.


CONCLUSION OF LAW

The criteria for an effective date earlier than August 2, 2012, for the assignment of a 10 percent rating for service-connected bilateral pes planus have not been met. 38 U.S.C.A. §§ 5103 (a), 5103A, 5107, 5110 (2014); 38 C.F.R. § 3.155, 3.157, 3.400 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

VA has met all statutory and regulatory notice and duty to assist requirements. See 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326 (2015); see also Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015).

The Veteran argues that he is entitled to a 10 percent rating prior to August 2, 2012, for his service-connected bilateral pes planus. 

The effective date for an increased rating for disability compensation will be the earliest date as of which it is factually ascertainable that an increase in disability occurred if a claim is received within one year from such date; otherwise, the effective date is the date of receipt of the claim. If the increase occurred after the date of claim, the effective date is the date of increase. 38 U.S.C.A. § 5110 (b)(2); 38 C.F.R. § 3.400 (o)(2); Gaston v. Shinseki, 605 F.3d 979, 984 (Fed. Cir. 2010).

In January 1960, the AOJ reduced the Veteran's rating for bilateral pes planus from a 10 percent rating to a noncompensable rating. In a March 1960 VA Form 9, the Veteran perfected his appeal of the January 1960 rating decision. In March 1960, the Veteran submitted a new medical opinion concerning the severity of his pes planus. Later that same month, the AOJ issued another rating decision continuing the noncompensable rating for bilateral pes planus, prior to forwarding the appeal to the Board. 

In May 1960, the Board affirmed the reduction of the Veteran's rating for bilateral pes planus from 10 percent to noncompensable. Unless the Chairman orders reconsideration, or one of the other exceptions to finality apply, all Board decisions are final on the date stamped on the face of the decision and are not subject to revision on the same factual basis. Therefore, the May 1960 Board decision is final based on the evidence then of record. 38 U.S.C.A. § 7104 (West 2014); 38 C.F.R. § 20.1100 (2016).

Following the final May 1960 Board decision, the Veteran's claim for a compensable rating for service-connected bilateral pes planus was received on August 2, 2012. The Board finds that no claim for an increased disability rating for bilateral pes planus was reasonably raised, either formally or informally, prior to August 2, 2012, as careful review of the record shows that no communication or evidence was received prior to this date since May 1960. Additionally, the Veteran has affirmed that, after the issuance of the May 1960 Board decision, he did not file another claim for an increased rating or submit any other communication to VA until August 2, 2012. See February 2017 Board Hearing at p. 8. Therefore, the Board finds that, after the Board's May 1960 decision, the Veteran most recently filed a claim for an increased rating for bilateral pes planus on August 2, 2012, and no earlier.

Pursuant to 38 C.F.R. § 3.400(o)(2), the Veteran would only be entitled to an earlier effective date for the increased 10 percent disability rating for bilateral pes planus if the evidence shows that the Veteran became entitled to the new 10 percent disability rating between August 2, 2011 and August 2, 2012-that is, if entitlement arose within the one year period prior to the filing of the increased rating claim. If it is factually ascertainable that the increase in disability occurred prior to August 2, 2011-that is, more than one year prior to filing the increased rating claim-then the proper effective date, pursuant to 38 C.F.R. § 3.400(o)(2), would be August 2, 2012, the date of receipt of claim (the date currently assigned). See Gaston, 605 F.3d at 984 

In this regard, the AOJ granted the Veteran a 10 percent rating for his bilateral pes planus under Diagnostic Code 5276, effective August 2, 2012. Under Diagnostic Code 5276, acquired flatfoot with mild symptoms relieved by built-up shoe or arch support is rated as 0 percent disabling. A rating of 10 percent is warranted for flatfoot that is moderate, with the weight-bearing line over or medial to great toe, inward bowing of the tendo Achillis, pain on manipulation and use of the feet, bilateral or unilateral, is rated as 10 percent disabling. 38 C.F.R. § 4.71a, Diagnostic Code 5276. 

With respect to medical evidence, the Board notes that there are no VA or non-VA medical records relevant to the Veteran's pes planus dating prior to August 2, 2012 in the claims file. During the August 2015 Decision Review Officer (DRO) Hearing and February 2017 Board Hearing, the Veteran testified that he did not seek private medical treatment at any time for his pes planus and that he did not receive VA treatment until he moved to Washington, D.C. in either 2011 or 2012. See DRO Hearing at p. 5 (no VA treatment until 2011 or 2012), Board Hearing at p. 17 (no VA treatment until 2012). VA treatment records show that the Veteran was first seen in August 2012 as a new patient in order to establish medical care through VA at the Washington, D.C. Medical Center. See August 9, 2012 VA Primary Care Initial Evaluation Note. Accordingly, the Board finds that the there are no contemporary VA or non-VA medical treatment records prior to August 2, 2012, concerning the Veteran's pes planus, available to review.

Nevertheless, the Board may review the statements and testimony of the Veteran and his representative concerning the severity of his pes planus prior to August 2, 2012. In a May 2013 statement, the Veteran maintained that his bilateral pes planus "remained at the 10% disability level," implying that the severity of his disability had remain unchanged, even after his rating was reduced in 1960. At the August 2015 DRO Hearing, the Veteran testified that he used orthotics and arch supports since his rating for his pes planus disability was previously reduced. See id. at p. 4-5. At the February 2017 Board Hearing, the Veteran's representative stated that the Veteran had always maintained that he had pain in his feet and that he always had pain upon manipulation, movement, and motion of his feet. See id. at 13, 14.

The Board has considered the Veteran's lay statements that he has always used orthotics and has always experienced pain on manipulation and use of his feet. In this regard, he is competent to report on factual matters of which he had firsthand knowledge. See Washington v. Nicholson, 19 Vet. App. 362, 368 (2005). Assuming but not finding that the Veteran's statements concerning the severity of his pes planus are alone sufficient to support a 10 percent rating, the Board determines that the Veteran's pes planus has either consistently remained at the 10 percent level of severity since his rating was reduced in 1960 or that it likely increased to the 10 percent level of severity many years prior to August 2012. Regardless, it is clear from the Veteran's statements and testimony that he did not experience an increase in his pes planus disability within the year prior to his August 2, 2012 claim for an increased rating. 

In light of the foregoing, the Board finds that, in assigning August 2, 2012, as the effective date for the increased evaluation, VA has assigned the earliest possible effective date for the 10 percent rating for the Veteran's service-connected bilateral pes planus. Therefore, it follows that an effective date prior to that time must be denied. In reaching this conclusion, the Board has considered the applicability of the benefit-of-the-doubt doctrine; however, as the preponderance of the evidence is against the Veteran's claim, that doctrine is not applicable. 38 U.S.C.A. § 5107 (b); Ortiz v. Principi, 274 F. 3d. 1361, 1365 (Fed. Cir. 2001).


ORDER

Entitlement to an effective date earlier than August 2, 2012, for the assignment of an increased 10 percent rating for service-connected bilateral pes planus is denied.



____________________________________________
MARJORIE A. AUER
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs