Citation Nr: 1749176 
Decision Date: 10/31/17 Archive Date: 11/06/17

DOCKET NO. 10-48 699 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Detroit, Michigan


THE ISSUES

1. Entitlement to secondary service connection for hypertension.

2. Entitlement to an initial rating in excess of 10 percent for iatrogenic hypothyroidism.

3. Entitlement to a rating in excess of 10 percent for a history of laryngeal carcinoma.


REPRESENTATION

Veteran represented by: The American Legion


WITNESS AT HEARING ON APPEAL

The Veteran

ATTORNEY FOR THE BOARD

S. S. Mahoney, Associate Counsel 


INTRODUCTION

The Veteran served on active duty in the United States Army from November 1965 to November 1967.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an April 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Detroit, Michigan.

Notably, during the pendency of this appeal, a February 2017 rating decision awarded service connection for obstructive sleep apnea and a TDIU. These issues are accordingly not in appellate status. Locklear v. Shinseki, 24 Vet.App. 311, 315 (2011) (VA may bifurcate TDIU from an appeal of the underlying evaluation). 

In August 2015, the Veteran testified at a hearing before the undersigned Veterans Law Judge. A transcript of that proceeding is of record.

In October 2015, the Board remanded the issues on appeal for further development. The Veteran's claims file has been returned to the Board for further appellate proceedings.


FINDINGS OF FACT

1. The Veteran's hypertension is proximately due to his service-connected obstructive sleep apnea.

2. From July 30, 2007 to July 16, 2009, the Veteran's iatrogenic hypothyroidism was manifested by fatigability, constipation and mental sluggishness.
3. From July 17, 2009 to December 28, 2011, the Veteran's iatrogenic hypothyroidism was manifested by weight gain and mental disturbance.

4. From December 29, 2011, the Veteran's iatrogenic hypothyroidism was manifested by cold intolerance, mental disturbance and sleepiness.

5. From July 30, 2006 to October 31, 2008, the Veteran's history of laryngeal carcinoma was manifested by hoarseness.

6. From November 1, 2008, the Veteran's history of laryngeal carcinoma was manifested by hoarseness with thickening of cords and pre-malignant changes on biopsy.


CONCLUSIONS OF LAW

1. The criteria for entitlement to secondary service connection for hypertension are met. 38 U.S.C.A. §§ 1110, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.310 (2016).

2. From July 30, 2007 to July 16, 2009, the criteria for an initial 30 percent rating for iatrogenic hypothyroidism are met. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.119, Diagnostic Code (DC) 7903 (2016).

3. From July 17, 2009 to December 28, 2011, the criteria for a 60 percent rating for iatrogenic hypothyroidism are met. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.119, Diagnostic Code (DC) 7903 (2016).

4. From December 29, 2011, the criteria for a 100 percent rating for iatrogenic hypothyroidism are met. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. 
§§ 4.1, 4.3, 4.7, 4.119, Diagnostic Code (DC) 7903 (2016).

5. From July 30, 2006 to October 31, 2008, the criteria for a rating in excess of 10 percent for a history of laryngeal carcinoma are not met. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.97, DCs 6599-6516 (2016).
6. From November 1, 2008, the criteria for a maximum 30 percent rating for a history of laryngeal carcinoma are met. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.97, DCs 6599-6516 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Service Connection for Hypertension

The Veteran asserts that his hypertension is caused by his service-connected obstructive sleep apnea. As secondary service connection on a proximate cause basis is warranted, the Board need not explore direct service connection in this case.

Service connection may be established on a secondary basis for a disability proximately due to or aggravated by a service-connected disease or injury. See 38 C.F.R. § 3.310(a); see also Allen v. Brown, 7 Vet. App. 439 (1995) (en banc). To establish secondary service connection, a Veteran must show: (1) the existence of a present disability; (2) the existence of a service-connected disability; and (3) a causal relationship between the present disability and the service-connected disability. See Wallin v. West, 11 Vet. App. 509, 512 (1998).

Here, the Veteran is currently diagnosed with hypertension. See September 2014 VA treatment record and March 2017 VA examination report. He is currently service-connected for obstructive sleep apnea. Therefore, the first and second elements of secondary service connection are established.

Regarding the final element, nexus, the only competent opinion of record is in favor of the claim. Specifically, the March 2017 VA examiner opined that it was at least as likely as not that the Veteran's hypertension was proximately due to his service-connected sleep apnea. The examiner explained that "sleep apnea is a recognized cause of secondary hypertension" and that it produces "surges in systolic and diastolic pressure that keep mean blood pressure levels elevated at night." She further stated that in many patients, "blood pressure remains elevated during the daytime, when breathing is normal." This opinion is highly probative, as it was based on a thorough review of the Veteran's relevant medical history, and contains a detailed rationale. Accordingly, as all the elements for secondary service connection have been met, the benefit sought on appeal is granted.

Increased Ratings - Rules and Regulations

Disability ratings are determined by applying the criteria set forth in the VA Schedule for Rating Disabilities, found in 38 C.F.R., Part 4. The percentage ratings represent, as far as can practicably be determined, the average impairment in earning capacity in civil occupations. 38 U.S.C.A. § 1155. The disability must be viewed in relation to its history. 38 C.F.R. § 4.1. If two disability ratings are potentially applicable, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria for that rating; otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. Reasonable doubt as to the degree of disability will be resolved in favor of the claimant. 38 C.F.R. § 4.3.

Iatrogenic Hypothyroidism

The Veteran's hypothyroidism has been rated at 10 percent disabling since July 30, 2007 under the provisions of 38 C.F.R. § 4.119, DC 7903, which specifically contemplates hypothyroidism. As such, no other DC may be employed to rate the Veteran's disability. See Copeland v. McDonald, 27 Vet. App. 333, 337 (2015)(when a condition is specifically listed in the rating schedule, it may not be rated by analogy and should be rated under the diagnostic code that specifically pertains to it). Under DC 7903, a 10 percent rating is assigned when hypothyroidism is manifested by fatigability, or continuous medication is required for control. A 30 percent rating is warranted for fatigability, constipation, and mental sluggishness. A 60 percent rating is warranted for muscular weakness, mental disturbance, and weight gain. A 100 percent rating is warranted for cold intolerance, muscular weakness, cardiovascular involvement, mental disturbance (dementia, slowing of thought, depression), bradycardia (less than 60 beats per minute), and sleepiness. 38 C.F.R. § 4.119.

The rating criteria for Diagnostic Code 7903 are not conjunctive, cumulative, or successive; all of the symptoms listed for a particular disability rating are not required to be demonstrated in order to establish entitlement to a higher disability rating. Tatum v. Shinseki, 23 Vet. App. 152, 155 (2009). Symptoms that meet some of the rating criteria should be considered in light of 38 C.F.R. § 4.7 and resolved based on the evidence of record 

Use of medication is noted throughout the appeal period. During the January 2008 VA examination, the Veteran specifically denied symptoms of cold intolerance, constipation, and weight gain. However, on his January 7, 2009 Notice of Disagreement, he competent and credibly reported that his disability has resulted in fatigability, constipation and mental sluggishness. In February 2009, he also endorsed fatigue, constipation and depression. At his July 17, 2009 VA examination, he also endorsed weight gain, and depression was noted in a December 2010 VA examination as well as hospitalization for mental disturbance in 2007. On December 9, 2011, he reported feeling tired and fatigued when waking. On December 29, 2011, he endorsed cold intolerance, weight gain, and fatigue. Also, the Veteran reported depression in June 2011, and a December 2011 VA treatment record reflects an Axis I diagnosis of depressive disorder, and an Axis III notation of hypothyroidism and obstructive sleep apnea. See Diagnostic and Statistical Manual of Mental Disorders 29 (4th ed. text revision 2000) (reflecting that, in the context of an examination for mental disorders, "Axis III" refers to "general medical conditions that are potentially related to the understanding or management of the individual's mental disorder"); Hildoer v. Nicholson, 24 Vet. App. 196, n. 3 (2007). Finally, July and December 2012 VA treatment records reflect the Veteran's complaints of fatigue and cold tolerance. The Veteran also testified as to fatigability and joint pain and severe cramps in his hands, legs, toes, and in the back of his neck. See Board Hearing Transcript at 7, 10. 

Based on the above-cited evidences, Board finds that a 30 percent rating is warranted from July 30, 2007 based on his competent and credible reports of fatigability, constipation and mental sluggishness. A 60 percent rating is warranted from July 17, 2009, the date he first endorsed weight gain, coupled with other evidence of mental disturbance in the record, which constitutes two of the three criteria for a 60 percent rating. Finally, a 100 percent rating is warranted from December 29, 2011, when he first endorsed cold intolerance, coupled with other evidence of mental disturbance and sleepiness in the record, which constitutes three of the six criteria for a 100 percent rating. 38 U.S.C.A. § 5107(b); 38 C.F.R. §§ 4.3, 4.7. 

History of Laryngeal Carcinoma

By way of background, a March 1997 rating decision awarded service connection for laryngeal carcinoma of the right vocal cord and assigned a 100 percent rating pursuant to DC 6819, effective March 10, 1997. Thereafter, a May 1999 rating decision reevaluated it as a history of laryngeal carcinoma and decreased it to 10 percent pursuant to DCs 6599-6516, effective August 1, 1999. See 38 C.F.R. 
§ 4.27. The current appeal period before the Board begins on July 30, 2006, one year prior to the date VA received his claim for an increased rating. Gaston v. Shinseki, 605 F.3d 979, 982 (Fed. Cir. 2010).

Pursuant to DC 6516, a 10 percent disability rating is warranted for chronic laryngitis manifested by hoarseness with inflammation of cords or mucous membrane. 38 C.F.R. § 4.97, DC 6516. A maximum 30 percent rating is warranted for chronic laryngitis with hoarseness, with thickening or nodules of cords, polyps, submucous infiltration, or pre-malignant changes on biopsy. Id. 

Initially, the Board notes that the Veteran is separately service-connected for post inflammatory hyperpigmentation/scarring of the anterior neck, with a 50 percent rating, and painful linear scar of the anterior neck, with a 10 percent rating. Any symptomatology related to those disabilities will not be considered herein. 38 C.F.R. § 4.14 (the evaluation of the same disability under various diagnoses is to be avoided).

Upon review of the totality of the record, the Board finds that a 30 percent rating is warranted for the Veteran's history of laryngeal carcinoma, effective November 1, 2008, the date that evidence of thickening of the vocal cords was first noted. There is no pertinent evidence allowing for assignment of the 30 percent rating prior to that date or within the one-year look-back period. Notably, the January 2008 VA examination revealed the Veteran's reports of hoarseness but was otherwise normal with regard to the neck.

A November 2008, a computerized tomography (CT) scan of the neck showed "asymmetric thickening involving the right aryepiglottic fold and slight asymmetry of right true vocal cord," as well as "[p]athologically enlarged bilateral level 2 and level 5 nodes." An October 2010 VA treatment record notes the Veteran's last clinic visit was "in November 2008." He was also noted to have a small mucosal polyp in his vocal cords in the anterior commissure. A December 2010 biopsy of the polyp reflected "squamous mucosa with mild dysplasia and hyperkeratosis with adjacent acute inflammation." 

Thus, given the Veteran's credible reports of hoarseness throughout the course of the appeal, as well as the above-cited findings in the VA treatment records of evidencing thickening of the vocal cords, and pre-malignant changes on biopsy, a maximum 30 percent rating for a history of laryngeal carcinoma is warranted from November 1, 2008. 

A 30 percent rating is the maximum schedular rating that can be assigned under DC 6516. The Board has considered whether a higher rating is warranted for the Veteran's history of laryngeal carcinoma under alternate diagnostic codes relating to diseases of the nose and throat. However, as there is no diagnosis of sinusitis, a rating under DCs 6510 to 6514 is not appropriate. Ratings under DC 6515 or DC 6518 are not warranted as the Veteran has not had tuberculous laryngitis or a laryngectomy. Further, as he has not been diagnosed with complete organic aphonia, stenosis of the larynx, bacterial rhinitis, and/or granulomatous rhinitis, a disability rating under any of these diagnostic codes is not warranted. 38 C.F.R. § 4.97, DCs 6519, 6520, 6523, 6524. Finally, none of the present symptoms more nearly approximate those symptoms listed for a rating under DC 6521 for an injury to the pharynx. 38 C.F.R. § 4.97. 



ORDER

Secondary service connection for hypertension is granted.

From July 30, 2007 to July 16, 2009, an initial 30 percent rating for iatrogenic hypothyroidism is granted. 

From July 17, 2009 to December 28, 2011, a 60 percent rating for iatrogenic hypothyroidism is granted. 

From December 29, 2011, the criteria for a 100 percent rating for iatrogenic hypothyroidism are met. 

From July 30, 2006 to October 31, 2008, a rating in excess of 10 percent for history of laryngeal carcinoma is denied.

From November 1, 2008, a maximum 30 percent rating for history of laryngeal carcinoma is granted.



____________________________________________
S. BUSH
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs