﻿Citation Nr: AXXXXXXXX
Decision Date: 05/29/20 Archive Date: 05/29/20

DOCKET NO. 191031-40519
DATE: May 29, 2020

ORDER

Entitlement to an effective date earlier than June 1, 2016, for a 100 percent rating for service-connected anxiety disorder is denied.

Entitlement to an effective date earlier than June 1, 2016, for special monthly compensation based on housebound status (SMC) is denied.

Entitlement to an effective date earlier than June 1, 2016, for basic eligibility for Dependents’ Educational Assistance (DEA) under 38 U.S.C. Chapter 35 is denied.

REMANDED

Entitlement to a rating higher than 0 percent for headaches is remanded.

FINDINGS OF FACT

1. On June 1, 2017, the Agency of Original Jurisdiction (AOJ) received a claim for an increased rating for anxiety. 

2. Prior to June 1, 2016, the Veteran’s combined disability rating was 70 percent; the Veteran did not have a single service-connected disability rated 100 percent with separate service-connected disabilities rated at 60 percent or more.

3. Basic eligibility for Dependents’ Educational Assistance benefits began no earlier than June 1, 2016.

CONCLUSIONS OF LAW

1. The criteria for an effective date prior to June 1, 2016, for the assignment of a 100 percent rating for a general anxiety disorder have not been met. 38 U.S.C. §§ 5107, 5110; 38 C.F.R. §§ 3.102, 3.400.

2. The criteria for an effective date prior to June 1, 2017, for special monthly compensation based on housebound status have not been met. 38 U.S.C. §§ 1114, 5107; 38 C.F.R. §§ 3.350, 3.351, 3.400.

3. The criteria for an effective date of prior to June 1, 2016, for basic eligibility for Chapter 35 Dependents’ Educational Assistance benefits, are not met. 38 U.S.C. § 5110; 38 C.F.R. §§ 3.155, 3.400, 3.807.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from January 1968 to January 1989. The Board notes that the rating decision on appeal was issued in July 2019. The Veteran timely appealed this rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

Earlier Effective Dates

Except as otherwise provided, the effective date of a rating and award of compensation based on an original claim, a claim reopened after final disallowance, or a claim for increase will be the date of receipt of the claim or the date entitlement arose, whichever is later. 38 U.S.C. § 5110; 38 C.F.R. § 3.400. 

With regard to the award of an increased rating, it shall be the earliest date that it is factually ascertainable that an increase in disability had occurred, if a claim is received within one year from that date. Otherwise, the effective date shall be the later of the date of claim or date of factually ascertainable increase in disability, whichever is later. 38 U.S.C. § 5110(b)(2); 38 C.F.R. § 3.400(o)(2). The increase in disability must have occurred during the one year period prior to the date of the Veteran’s claim in order to receive the benefit of an earlier effective date. Gaston v. Shinseki, 605 F.3d 979 (Fed. Cir. 2010). 

1. Entitlement to an effective date earlier than June 1, 2016, for a 100 percent rating for service-connected anxiety disorder

The Veteran contends that a 100 percent rating for anxiety disorder should have an effective date of February 29, 2016.

In a statement date-stamped as received by VA on February 29, 2016, the Veteran requested that the VA open a claim for service connection for a mental health condition.

A May 2016 rating decision established service connection for generalized anxiety disorder and assigned a 30 percent rating, effective February 29, 2016, the date of the claim for service connection. The Veteran did not file a timely appeal to the rating or effective date assigned. Although a March 2017 notice of disagreement was submitted, the rating and effective date for service connection for anxiety disorder were not listed in that notice of disagreement, which addressed other issues. The Veteran’s representative contends the anxiety disorder was included in the March 2017 notice of disagreement. However, the notice of disagreement specifically appealed the issues decided in an April 22, 2016, rating decision. The notice of disagreement listed those issues and did not list any issue related to anxiety disorder. The April 22, 2016, rating decision deferred adjudication of the claim for service connection for anxiety disorder. As no decision was made regarding anxiety disorder in the April 2016 rating decision, the notice of disagreement did not apply to the anxiety disorder.

Therefore the rating and effective date for anxiety disorder became final one year after the May 13, 2016, notification of the decision.

On June 1, 2017, the Veteran submitted a new claim for an increased rating for anxiety. A September 2017 rating decision assigned a 70 percent rating, effective June 1, 2017. In July 2019, the Board granted a 100 percent rating, effective June 1, 2016.

The Board notes that the criteria for the 100 percent rating were first shown to be met at a June 2017 VA examination. That was the first time it was factually ascertainable that the 100 percent criteria were met. There is no evidence within one year prior to the June 27, 2017, VA examination that shows an increase in the anxiety disorder such that the criteria for a 100 percent rating were met. Further, the record does not show that there was any pending formal or informal claim for an increased rating for the anxiety disorder prior to June 1, 2016. Therefore, the selection of June 1, 2016, as the effective date for the rating is most favorable to the Veteran, as that is the date VA received the claim for an increased rating. That date is one year prior to receipt of the claim for increase, and after the date of the May 2016 final decision assigning a rating and effective date.

Accordingly, the Board finds that the preponderance of the evidence is against the claim for an earlier effective date for the assignment of a 100 percent rating for the anxiety disorder. Therefore, the appeal is denied. 38 U.S.C. § 5107(b); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

2. Entitlement to an effective date earlier than June 1, 2016, for special monthly compensation based on housebound status (SMC)

In July 2019, the Board granted special monthly compensation based on housebound status, effective June 1, 2016.

SMC at the housebound rate is payable when a Veteran has a single service-connected disability rated 100 percent and (1) has additional service-connected disability or disabilities independently ratable at 60 percent, separate and distinct from the 100 percent service-connected disability and involving different anatomical segments or bodily systems; or, (2) is permanently housebound by reason of service-connected disability or disabilities. 38 U.S.C. § 1114(s); 38 C.F.R. § 3.350(i)(1). 

The requirements of 38 U.S.C. § 1114(s)(2) are met when a Veteran is substantially confined as a direct result of service-connected disabilities to his dwelling and the immediate premises or, if institutionalized, to the ward or clinical area, and it is reasonably certain that the disability or disabilities and resultant confinement will continue throughout his lifetime. 38 C.F.R. § 3.350(i)(2).

Prior to June 1, 2016, the Veteran’s combined disability rating was 70 percent. The Veteran was service-connected for anxiety, rated 30 percent; chronic prostatitis, rated 40 percent; hiatal hernia, rated 10 percent; tinnitus, rated 10 percent; and otitis media, rated 0 percent. Thus, the Veteran did not meet the criteria for SMC prior to June 1, 2016.

A veteran may still receive housebound-rate SMC if, by reason of the service-connected disabilities, he is “housebound.” A veteran will be determined to be permanently housebound when he is substantially confined to the house (or ward or clinical areas, if institutionalized) or immediate premises due to disability or disabilities which it is reasonably certain will remain throughout his or her lifetime. 38 U.S.C. § 1502(c); 38 C.F.R. § 3.351(d)(2). However, the evidence does not show such limitations prior to June 1, 2016.

As the grant of SMC is based on the Veteran’s 100 percent rating for anxiety disorder, effective June 1, 2016, is the earliest that the Veteran met the criteria for SMC. Because the Veteran’s combined service-connected rating prior to June 1, 2016, was less than 100 percent, the Board finds that an earlier effective date cannot be assigned.

Accordingly, the Board finds that the preponderance of the evidence is against the claim for an earlier effective date for the assignment of SMC. Therefore, the appeal is denied. 38 U.S.C. § 5107(b); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

3. Entitlement to an effective date earlier than June 1, 2016, for basic eligibility for Dependents’ Educational Assistance (DEA) under 38 U.S.C. Chapter 35

As to the claim for an earlier effective date for Dependents’ Educational Assistance (DEA) under 38 U.S.C. chapter 35, an earlier effective date is not warranted as this effective date is predicated on the effective date for the 100 percent rating. To be found permanently and totally disabled, so as to apply for Chapter 35 benefits, the rating must be total, or 100 percent. 

For purposes of eligibility to DEA benefits under Chapter 35, the child, spouse, or surviving spouse of a Veteran will have basic eligibility if the following conditions are met: (1) The Veteran was discharged from service under conditions other than dishonorable, or died in service; and (2) the Veteran has a permanent total service-connected disability; or (3) a permanent total service-connected disability was in existence at the date of the Veteran’s death; or (4) the Veteran died as a result of a service-connected disability. 38 U.S.C. § 3510; 38 C.F.R. § 3.807 (a).

The July 2019 rating decision on appeal awarded DEA benefits under Chapter 35 effective June 1, 2016. That is the same effective date as the award of a 100 percent rating for anxiety disorder. Prior to June 1, 2016, the Veteran was assigned a 70 percent combined disability rating. A permanent total rating was not in effect prior to June 1, 2016, as a total or 100 percent rating was not in effect prior to June 1, 2016. Therefore, a permanent total disability cannot be found prior to June 1, 2016. The criteria pertaining to the award of educational benefits provides that for effective dates assigned following the grant of benefits under Chapters 30, 31, 32, and 35 shall, to the extent feasible, correspond to the effective dates relating to awards of disability compensation. 38 U.S.C. § 5113. In this case, the Board has found an effective date earlier than June 1, 2016, is not warranted for the anxiety disorder. As a permanent total service-connected disability did not exist prior to June 1, 2016, earlier eligibility for Chapter 35 benefits is not possible.

The pertinent legal authority governing effective dates is clear and specific, and the Board is bound by that authority. Pursuant to that authority, the Board finds that there is no legal basis by which an effective date earlier than June 1, 2016, can be assigned for eligibility for DEA benefits. Therefore, the claim for an earlier effective date must be denied.

REASONS FOR REMAND

1. Entitlement to a rating higher than 0 percent for headaches is remanded.

A review of the record shows the RO scheduled the Veteran for a VA examination prior to the grant of service connection. However, the Veteran did not attend the examination. Since the Board granted service connection in July 2019, the headache disability has not been evaluated. Where the evidence of record does not show the current state of the Veteran’s disability, a more current VA examination must be conducted. Schafrath v. Derwinski, 1 Vet. App. 589 (1991); 38 C.F.R. § 3.327(a). A remand is required to provide the Veteran a more current VA examination that indicates the current symptomatology of the headache disability. A remand is necessary to obtain a VA examination that properly considers the current symptomatology of the headache disability. That is a pre-decisional error.

The matters are REMANDED for the following action:

1. Schedule the Veteran for a VA examination to assess the current severity of headaches. The examiner must review the claims file and should note that review in the report. All indicated studies deemed necessary by the examiner should be performed, and all findings should be reported in detail. All opinions must be accompanied by a rationale. The examiner is asked to describe in detail the frequency, duration, and severity of the Veteran’s headaches. In discussing the severity of the headaches, the examiner should opine as to whether the Veteran’s migraine headaches are characterized by: (a) Very frequent completely prostrating and prolonged attacks productive of severe economic inadaptability; (b) Characteristic prostrating attacks occurring on an average once a month over the last several months; or (c) Characteristic prostrating attacks averaging one in two months over the last several months. 

 

 

Harvey P. Roberts

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board C. Kass

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.