﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/20 Archive Date: 12/31/20

DOCKET NO. 191223-50314
DATE: December 31, 2020

ORDER

Entitlement to an effective date of January 18, 2018, for the award of a total disability rating based on individual unemployability due to service-connected disabilities (TDIU), is granted. 

FINDINGS OF FACT

1. The Veteran became entitled to service connection for posttraumatic stress disorder (PTSD) on January 18, 2018, and filed a formal claim for TDIU based on her PTSD on June 28, 2018. 

2. The evidence of record indicates that the Veteran was unable to engage in substantially gainful employment from January 18, 2018, within one-year prior to her formal claim for TDIU benefits. 

CONCLUSION OF LAW

The criteria for an effective date of January 18, 2018, but not earlier, for the award of a TDIU have been met. 38 U.S.C. §§ 5103, 5103A, 5107(b), 5110; 38 C.F.R. §§ 3.155, 3.340, 3.400, 4.16, 20.302. 

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty in the United States Marines from November 2009 to September 2013. 

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from an August 2019 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO). 

After an October 2018 legacy rating decision denial, the Veteran filed a Supplemental Claim within the modernized system under the Appeals Modernization Act (known as the AMA) for entitlement to individual unemployability in March 2019. After a June 2019 grant of the claim, the Veteran selected the Higher-Level Review, by submitting VA Form 20-0996 Request for Higher-Level Review in June 2019, as to the effective date of the award. Accordingly, the August 2019 rating decision considered the evidence of record as of the date VA received the request for review. The Veteran timely appealed this rating decision to the Board in December 2019 and requested Direct Review of the evidence considered by the Agency of Original Jurisdiction (AOJ). 

Entitlement to an earlier effective date for the award of TDIU 

The Veteran seeks an earlier effective date for the award of TDIU benefits. Specifically, she claims that the effective date should be January 5, 2017, the date that she “originally filed” a claim for benefits that eventually led to the award of the TDIU.

As a claim seeking entitlement to a TDIU is a type of increased rating claim, the laws governing the assignment of effective dates for these types of claims apply. The statutory guidelines for the determination of an effective date of an award of disability compensation are set forth in 38 U.S.C. § 5110.

The law provides that the effective date of an award of increased compensation shall be the earliest date as of which it is ascertainable that an increase in disability had occurred, if application is received within one year from such date. 38 U.S.C. § 5110(b)(2). In no event shall such award or increase be retroactive for more than one year from the date of application therefor or the date of administrative determination of entitlement, whichever is earlier. 38 U.S.C. § 5110(g).

Assigning the appropriate effective date for TDIU involves determining (1) when the Veteran’s claim for TDIU was received, and if possible (2) when it became factually ascertainable that the Veteran could not secure and follow gainful employment, if the application is received within one year from such date. See 38 C.F.R. §§ 3.155, 3.340, 3.400(o)(2), 4.16(a).

It is the established policy of VA that all veterans who are unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities shall be rated totally disabled. 38 C.F.R. § 4.16. A finding of total disability is appropriate when there is any present impairment of mind or body which is sufficient to render it impossible for the average person to follow a substantially gainful occupation. 38 C.F.R. §§ 3.340(a)(1), 4.15.

TDIU may be assigned where the schedular rating is less than total, when it is found that the disabled person is unable to secure or follow a substantially gainful occupation as a result of a single service-connected disability ratable at 60 percent or more, or as a result of two or more disabilities, provided at least one disability is ratable at 40 percent or more and there is sufficient additional service-connected disability to bring the combined rating to 70 percent or more. 38 C.F.R. §§ 3.340, 3.34l, 4.16(a). In exceptional circumstances, where the Veteran does not meet the percentage requirements, a total rating may nonetheless be assigned upon a showing that the individual is unable to obtain or retain substantially gainful employment due to service-connected disability. 38 C.F.R. § 4.16(b).

Analysis

The procedural history of this case is relevant. 

In an October 2013 rating decision, the Veteran was awarded service connection for residuals of a traumatic brain injury (TBI) (diagnosed as cognitive disorder and claimed as concussion and memory loss) at an evaluation of 10 percent from September 30, 2013. The Veteran did not appeal the initial rating assigned for her residuals of TBI or otherwise request TBI benefits due to the disability.

In November 2015 and December 2015, the Veteran filed an Intent to File a Claim form, indicating she intended to file a claim for compensation. In November 2016, the Veteran submitted a claim for entitlement to service connection for PTSD, along with multiple buddy statements from various family members and friends attesting to her behavior. A VA doctor diagnosed the Veteran with PTSD in November 2016. However, at a December 2016 VA examination, an examiner found that the Veteran did not meet the DSM-5 criteria requirements for a PTSD diagnosis. The RO denied entitlement to service connection for PTSD in a December 2016 rating decision, and a notification letter of this decision was mailed to the Veteran on January 5, 2017. The Veteran did not submit new and material evidence during the appellate period or otherwise appeal the denial of the claim and the December 2016 decision became final under the legacy appeal system. See 38. C.F.R. § 3.156(b). 

In November 2017, the Veteran filed an application to receive VA vocational rehabilitation due to psychiatric impairment. She did not file a claim for a TDIU at that time or otherwise indicate a desire to seek TDIU benefits.

In January 2018, the VA received the Veteran’s claim to reopen the claim for entitlement to service connection for PTSD and a new claim for service connection for depression. A February 2018 VA examiner diagnosed the Veteran with PTSD, and in a March 2018 rating decision, the RO awarded service connection for PTSD, effective from January 18, 2018. In awarding service connection for the disability, the RO noted that the medical examiner could not differentiate the Veteran’s PTSD symptoms from those due to her TBI, and thus, a combined evaluation was assigned for PTSD, with drug and alcohol use, also with residuals of TBI. The RO assigned an evaluation rating of 70 percent, effective January 18, 2018.

On May 24, 2018, the Veteran filed a claim for a temporary, 100 percent rating because of hospitalization over 21 days, for treatment of her service-connected PTSD, which was granted from March 14, 2018, in a May 2018 rating decision. The RO assigned a 70 percent rating for the disability from May 1, 2018.

On June 28, 2018, VA received the Veteran’s claim for individual unemployability due to her PTSD and a separate claim for an increased rating for the psychiatric disability. In October 2018, the RO issued a rating decision that denied entitlement to individual unemployability and denied an initial increased rating for PTSD. The VA provided notice to the Veteran that VA regulations require that she must appeal decisions made on compensation claims on a standardized form (VA Form 21-0958, Notice of Disagreement) within one year of the date of the October 2018 decision. The Veteran did not appeal the denial of the claims. 

As a continuation of her June 2018 TDIU claim, in March 2019, the Veteran submitted a Supplemental claim, under VA’s new Appeals Modernization system, seeking a TDIU, and submitted a March 2019 private employability assessment report. 

In a June 2019 rating decision, the RO awarded TDIU benefits, effective June 28, 2018, based on the Veteran’s service-connected PTSD and low back disabilities. The Veteran then filed a request for a Higher Level review with regards to the effective date assigned for her TDIU benefits. Soon after, the RO undertook a specially mandated review of the claim and, in an August 2019 rating decision, denied entitlement to the assignment of an effective date earlier than June 28, 2018, for the TDIU. The Veteran then filed the present appeal for an earlier effective date.

Based on review of the evidence, an earlier effective date of January 18, 2018, but no earlier, for the award of TDIU is warranted. 

In this case, the Veteran first filed a claim for entitlement to TDIU in June 2018, along with a claim for an increased rating for her PTSD. Although the Veteran filed the increased rating claim within a year of the March 2018 rating decision that awarded service connection for PTSD, she did not indicate that she wished to appeal the March 2018 rating decision, that she disagreed with the initial rating assigned for her PTSD, or that she sought a TDIU due to this initial award. Thus, the March 2018 rating decision is final. 

Also, the record does not show that the Veteran filed a claim for a TDIU, formal or informal, at any point prior to her June 2018 application. She has not claimed otherwise. Therefore, the date of her TDIU claim is June 28, 2018.

As previously noted, a claim for entitlement to a TDIU is a type of increased rating claim. Thus, the Board must consider whether an earlier effective date for TDIU can be assigned based on the one-year look-back period prior to the date the claim was filed. 38 U.S.C. §§ 5110(a), (b)(3); 38 C.F.R. § 3.400(o)(2); Gaston v. Shinseki, 605 F.3d 979, 982 (Fed. Cir. 2010). In this case, the Board must consider whether the evidence supports an award of a TDIU at any time during the one-year period prior to the Veteran’s claim, specifically from June 28, 2017.

The Board notes, however, that the RO awarded the Veteran’s TDIU based on her service-connected PTSD and low back disability. Significantly, the Veteran was not awarded service connection for PTSD until the March 2018 rating decision, which assigned an effective date of January 18, 2018, for her service-connected benefits. Thus, at the outset, the Board finds that an award for a TDIU based on the Veteran’s service-connected PTSD is not possible prior to January 18, 2018, as service connection benefits have not been awarded for this underlying disability prior to this date. 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400(a). Moreover, it was on that date that the Veteran’s combined disability rating first met the criteria for consideration of TDIU benefits under 38 C.F.R. § 4.16(a), based on the award of service connection (and the 70 percent rating) for PTSD. There is no evidence indicating that a TDIU is warranted on an extraschedular basis under 38 C.F.R. § 4.16(b) due to the Veteran’s low back disability prior to January 2018.

Therefore, the one-year look back period to consider whether a TDIU is warranted cannot extend beyond January 18, 2018, the effective date for the Veteran’s service-connected PTSD that provides the basis for her TDIU benefits.

Based on the medical and lay evidence of record, it is factually ascertainable that the Veteran was unable to secure and maintain substantially gainful employment due to her PTSD from January 18, 2018. Private medical records dated in December 2017 indicate that the Veteran had a high degree of anxiety, depression, and hypervigilance; had difficulty emotionally self-regulation; a low stress tolerance; and an inability to successfully maintain employment for any length of time due to her psychiatric disability. This assessment is supported by the other medical and lay evidence of record. 

Thus, an effective date of January 18, 2018, for the award of the Veteran’s TDIU benefits is warranted.

To the extent that the Veteran asserts that a TDIU should be awarded from an even earlier date, her argument fails.

The Board acknowledges the Veteran’s contention that a TDIU should be assigned from January 5, 2017, based on the “original filing date which led to the granting” of the TDIU. See June 2019 Decision Review Request: Higher-Level Review. A review of the Veteran’s claim file, however, does not show that she filed any claim for benefits on that date. Indeed, the record does not show that the Veteran submitted any claims, or correspondence, to VA between the time she was notified of the December 2016 rating decision denying her claim for service connection for PTSD until she filed her unrelated claim for vocational rehabilitation in November 2017. 

Although the Veteran filed for vocational rehabilitation in November 2017, this does not constitute a claim for TDIU or an increased rating claim for her then service-connected disabilities from which a TDIU claim could be inferred. See Rice v. Shinseki, 22 Vet. App. 447, 453, 54 (2009) (holding that a request for a TDIU, whether expressly raised by a veteran or reasonably raised by the record, is not a separate claim for benefits, but rather, can be part of a claim for increased compensation); see also Roberson v. Principi, 251 F.3d 1378 (Fed. Cir. 2001) (holding that a separate, formal claim is not required in cases where an informal claim for TDIU has been reasonably raised). Indeed, the Veteran did not file a formal, increased rating claim for any of her then service-connected disabilities at any time proximate to her vocational rehabilitation application, nor did she subsequently seek increased ratings. She also has not asserted, nor does the evidence dated prior to January 18, 2018, indicate, that she was unable to work solely due to a service-connected disability(ies) other than PTSD, specifically to include her low back disability. Instead, the Veteran maintains that she is unemployable due to her service-connected PTSD. As she was not service-connected for PTSD at the time of her November 2017 vocational rehabilitation application, an informal (or inferred) claim for TDIU was not raised. 

There is no other factual or legal basis upon which to grant an effective date prior to January 18, 2018.

In making this determination, the Board does not wish to convey any lack of sympathy for the Veteran in this matter, and does not doubt the sincerity of her contentions that an even earlier effective date is warranted. The Board, however, is bound by the laws and regulations of effective dates assigned and cannot grant an effective date earlier than what has been awarded herein.

(Continued on the next page)

In light of the supporting evidence of record and applicable regulations, the Board finds that an effective date of January 18, 2018, but no earlier, is warranted, as the Veteran has been unable to maintain substantially gainful employment since then due to her service-connected disabilities. As such, an earlier effective date for TDIU is granted, from that date.

 

 

DELYVONNE M. WHITEHEAD

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Q. Alli, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.