﻿Citation Nr: AXXXXXXXX
Decision Date: 02/28/20 Archive Date: 02/28/20

DOCKET NO. 190625-10448
DATE: February 28, 2020

ORDER

An effective date of October 26, 2016 is granted for the award of a 70 percent disability rating for posttraumatic stress disorder (PTSD) with major depressive disorder (psychiatric disability).

FINDING OF FACT

It is at least as likely as not that the Veteran’s service-connected psychiatric disability was productive of social and occupational impairment with deficiencies in most areas as of October 26, 2016.

CONCLUSION OF LAW

Resolving reasonable doubt in the Veteran’s favor, the criteria for an effective date of October 26, 2016 for the award of a 70 percent disability rating for service-connected psychiatric disability have been met. 38 U.S.C. §§ 1155, 5107, 5110; 38 C.F.R. §§ 3.400, 4.3, 4.130.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the United States Army from December 1987 to May 1990. Her decorations include the Army Service Ribbon, the Rifle M16 Marksman Badge, and the Parachutist Badge.

The original rating decision underlying the present appeal was issued in August 2017 by a Department of Veterans Affairs (VA) Regional Office (RO). The RO, in pertinent part, increased the rating for the Veteran’s service-connected psychiatric disability to 70 percent, effective June 29, 2017. She filed a legacy notice of disagreement (VA Form 21-0958) (NOD) in March 2018, seeking an earlier effective date for the award.

In May 2018, the Veteran elected review in the modernized review system. 38 C.F.R. § 19.2(d). The Veteran initially selected the Higher-Level Review lane when she opted in to the Appeals Modernization Act (AMA) review system by submitting a Rapid Appeals Modernization Program (RAMP) election form. Following a denial on Higher-Level Review in March 2019, the Veteran timely appealed to the Board, requesting direct review of the evidence considered by the agency of original jurisdiction. See June 2019 VA Form 10182; 38 C.F.R. § 20.202(b)(1).

Entitlement to an earlier effective date for the award of a 70 percent rating for service-connected psychiatric disability

The Veteran seeks an effective date prior to June 29, 2017, for the award of a 70 percent disability rating for service-connected psychiatric disability. 

The Veteran’s psychiatric disability is evaluated under 38 C.F.R. § 4.130, Diagnostic Code 9411. Under that diagnostic code, a 70 percent rating is warranted when a psychiatric disorder results in occupational and social impairment with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, due to such symptoms as: suicidal ideation; obsessional rituals which interfere with routine activities; speech intermittently illogical, obscure, or irrelevant; near-continuous panic or depression affecting the ability to function independently, appropriately and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a work-like setting); and inability to establish and maintain effective relationships.

Generally, the effective date of an evaluation and award of pension, compensation or dependency and indemnity compensation based on an original claim, a claim for increase, or a claim reopened after final disallowance, will be the date of receipt of the claim or the date entitlement arose, whichever is the later. 38 U.S.C. § 5110; 38 C.F.R. § 3.400. However, if the claim is received within one year after separation from service, the effective date of an award of disability compensation can be as early as the day following separation from active service. 38 U.S.C. § 5110(b)(1); 38 C.F.R. § 3.400(b)(2)(i).

The effective date for an increased rating for disability compensation will be the earliest date as of which it is factually ascertainable that an increase in disability occurred if a claim is received within one year from such date; otherwise, the effective date is the date of receipt of the claim. If the increase occurred after the date of claim, the effective date is the date of increase. 38 U.S.C. § 5110(b)(2); 38 C.F.R. § 3.400(o)(2); Gaston v. Shinseki, 605 F.3d 979, 984 (Fed. Cir. 2010).

Thus, three possible effective dates may be assigned depending on the facts of an increased rating case: (1) if an increase in disability occurs after the claim is filed, the date that the increase is shown to have occurred (date entitlement arose) (38 C.F.R. § 3.400(o)(1)); (2) if an increase in disability precedes the claim by a year or less, the date that the increase is shown to have occurred (factually ascertainable) (38 C.F.R. § 3.400(o)(2)); or, (3) if an increase in disability precedes the claim by more than a year, the date that the claim is received (date of claim) (38 C.F.R. § 3.400 (o)(2)). See Gaston, 605 F.3d at 982-84; Harper v. Brown, 10 Vet. App. 125, 126 (1997).

In the present case, a March 2014 final rating decision granted service connection for a psychiatric disability and assigned a 50 percent rating, effective May 21, 2009. On June 29, 2017, VA received the Veteran’s claim for an increased rating for that disability. As such, the date of claim is June 29, 2017. 

In a statement appended to her NOD, the Veteran asserted that her psychiatric disability worsened on or around the time between August 2016 and October 2016. Specifically, she indicated that her panic attacks and anxiety became so severe that she did not leave her house at that time. She also indicated that she started having chronic insomnia, and that her nightmares became more fearful. An October 26, 2016 VA treatment record shows that the Veteran reported more anxiety while around others, as well as more nightmares and intrusive memories. This evidence tends to support the above-referenced assertions by the Veteran. 

Considering the above, the Board finds that October 26, 2016 (the date of VA treatment showing an increase in the Veteran’s psychiatric symptoms) is the earliest date as of which it is factually ascertainable that an increase in disability occurred. This date also fits within the timeframe during which the worsening occurred as reported by the Veteran.

Accordingly, and resolving reasonable doubt in her favor, the Board finds that it is factually ascertainable that the Veteran’s service-connected psychiatric disability was productive of social and occupational impairment with deficiencies in most areas as of October 26, 2016. The appeal is granted. 38 U.S.C. § 5107; 38 C.F.R. §§ 3.400(o)(2), 4.3, 4,130. 

 

DAVID A. BRENNINGMEYER

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. Ragheb, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.