Citation Nr: AXXXXXXXX
Decision Date: 06/30/21 Archive Date: 06/30/21

DOCKET NO. 210105-133978
DATE: June 30, 2021

ORDER

Entitlement to individual unemployability is granted beginning May 20, 2019.

FINDING OF FACT

Beginning May 20, 2019, the Veteran's chronic kidney disease prevented him from securing or following a substantially gainful occupation.

CONCLUSION OF LAW

Beginning May 20, 2019, the criteria for entitlement to individual unemployability (TDIU) have been met.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from July 1963 to October 1965.

The rating decision on appeal was issued in January 2020 and constitutes an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies. 

In the January 2021 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Evidence Submission docket.

Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal (i.e. January 2020 rating decision), as well as any evidence submitted by the Veteran or his representative with, or within 90 days from receipt of, the VA Form 10182. 38 C.F.R. § 20.303.

Evidence was added to the claims file during a period of time when new evidence was not allowed. As the Board is deciding the claim of entitlement to a TDIU, it may not consider this evidence in its decision. 38 C.F.R. § 20.300. The Veteran may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

1. Entitlement to individual unemployability.

This appeal arises from a January 2020 rating decision that denied entitlement to a TDIU. The Veteran raised entitlement to a TDIU in an October 2019 VA Form 21-526EZ, Fully Developed Claim and an October 2019 VA Form 21-8940, Application for Increased Compensation Based on Unemployability. The Veteran asserted in Form 21-8940 that a brain tumor, kidney cancer, stage 5 kidney disease, mental issues, warts, "tori," and severe arthritis prevent him from securing or following a substantially gainful occupation.

Total disability is considered to exist when there is any impairment in mind or body that is sufficient to render it impossible for the average person to follow a substantially gainful occupation. 38 C.F.R. § 3.340(a)(1).

A total disability rating for compensation purposes may be assigned on the basis of individual unemployability, that is, when the disabled person is, in the judgment of the rating agency, unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities. 38 C.F.R. § 4.16(a). If there is only one service-connected disability, it must be rated at 60 percent or more; if there are two or more service-connected disabilities, at least one disability must be rated at 40 percent or more, and sufficient additional disability must bring the combined rating to 70 percent or more. Individual unemployability must be determined without regard to any non-service-connected disabilities or the veteran's advancing age. 38 C.F.R. §§ 3.341(a), 4.19 (2017); Van Hoose v. Brown, 4 Vet. App. 361 (1993).

The phrase "unable to secure and follow a substantially gainful occupation" contains both economic and noneconomic components. See Ray v. Wilkie, 31 Vet. App. 58, 73 (2019). The economic component refers to an occupation earning more than marginal income (outside of a protected environment) as determined by the U.S. Department of Commerce as the poverty threshold for one person. Id. The noneconomic component requires a determination as to a veteran's ability to secure and follow such employment. Id. Attention should be given to the veteran's history, education, skills, and training; whether the veteran has the physical ability (both exertional and nonexertional) to perform the types of activities required by the occupation at issue (e.g., lifting, bending, sitting, standing, walking, climbing, as well as auditory and visual limitations); and whether the veteran has the mental ability to perform the activities required by the occupation at issue (e.g., memory, concentration, ability to adapt to change, handle work place stress, get along with coworkers, and demonstrate reliability and productivity). Id.

An award of TDIU is an individualized determination, specific to a veteran's particular circumstances, e.g., their history, education, skills, and training. See Todd v. McDonald, 27 Vet. App. 79, 85 (2014). It does not require a showing of 100 percent unemployability. Roberson v. Principi, 251 F.3d 1378, 1385 (Fed. Cir. 2001). The ultimate question is whether the veteran is capable of performing the physical and mental acts required by employment, not whether they can find employment. Van Hoose v. Brown, 4 Vet. App. 361, 363 (1993).

The Veteran has the following disabilities that are service connected: neoplasm of the kidney with chronic renal disease evaluated as 80 percent effective August 25, 2017, and 100 percent effective October 3, 2019; and hypertension evaluated as 10 percent effective August 25, 2017. The combined evaluation is 80 percent effective August 25, 2017, and 100 percent effective October 3, 2019.

Based on the forgoing, the Veteran has at least one disability rated at 40 percent or more and sufficient additional disability to bring the combined rating to 70 percent or more. Accordingly, the Board may consider the claim for a TDIU on a schedular basis. 38 C.F.R. § 4.16(a). 

For the reasons that follow, the Board finds that a TDIU is warranted when giving the Veteran the benefit of the doubt.

The Veteran reported in his VA Form 21-8940 having a masters and doctorate in psychology and clinical psychology, which he began in 2004 and completed in 2010. He reported having employment as a psychologist in another Ph.D.'s practice from 2012 to 2016. He reported that his time lost from illness was "too much." He reported that he left his last job because of his disabilities. He did not indicate his occupations prior to 2012.

A December 2019 VA mental health treatment note shows the Veteran's work history as he reported it. He reported having a psychology doctorate as well as three other degrees. He formerly worked as psychotherapist to adults and children. He retired three years prior. 

As for the physical and mental effects of his service-connected disability on his ability to secure or follow a substantially gainful occupation, the May 2019 VA examination shows that the Veteran has generalized poor health due to renal dysfunction. He does not required dialysis. He has limitations on his exertion due to renal dysfunction. He has constant protein in his urine. The examiner found that the kidney condition does not impact the Veteran's ability to work.

Treatment records show that in June 2019, the Veteran felt "ok" and was not ready to start dialysis. In July 2019, the Veteran presented to VA treatment with high blood pressure and shivering, requiring blankets. The treatment record noted that he was taking injections for the anemia associated with his chronic kidney disease. One record noted the Veteran was feeling good despite edema of extremities. Another showed he was not feeling well and cancelled a medical appointment.

August 2019 treatment records show he had increasing tiredness; however, he was able to work out at the gym. Records note he has anemia from chronic kidney disease.

September 2019 treatment records show both that he felt tired and that he had no symptoms of his chronic kidney disease.

Given the record, there is conflicting evidence as to whether the Veteran could secure and follow a substantially gainful occupation. The Board finds the probative evidence to be the VA examiner's report that the Veteran has generalized poor health due to renal dysfunction and that his exertion is limited. Other probative evidence is the accounts of anemia and the Veteran feeling tired.

On the other hand, the VA examiner found the service-connected disability did not impact the Veteran's ability to work. The Board does not give this conclusion much weight because it is not supported by any rationale, and it is in conflict with the generalized poor health finding. 

Also, tending to weigh against the claim is the September 2019 nephrology note finding that the Veteran had no symptoms, except for recent tiredness, as well as the notes that show the Veteran was working out.

The Board finds the evidence against the claim and the evidence in favor of the claim are nearly equally balanced. The Veteran's tiredness and general poor health would prevent him from securing or following any substantially gainful occupation. Accordingly, the benefit of the doubt is given to the Veteran, and a TDIU is warranted.

As to the effective date, the Veteran's claim was received in October 2019. If an increase is "factually ascertainable" within the year preceding the claim, the effective date will be the date the increase was factually ascertainable. If the increase occurred prior to that period, then the effective date is still the date of claim. See Gaston v. Shinseki, 605 F. 3d 979 (2010).

A February 2018 physician statement found that the Veteran was not able to engage in substantially gainful activity. However, this occurred prior to one year before the date of his claim. 

In this case, the May 2019 VA examination is the first date within the year prior to the claim that an increase was factually ascertainable. Accordingly, the effective date is the date of the May 2019 VA examination, which is May 20, 2019.

 

D. Martz Ames

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board A. Rocktashel, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.